533 So.2d 869 (1988)
STATE of Florida, DEPARTMENT OF NATURAL RESOURCES, and the Board of Trustees of the Internal Improvement Trust Fund of the State of Florida, Appellants,
v.
ANTIOCH UNIVERSITY, f/k/a, Antioch College, an Educational, Non-Profit Corporation Organized and Existing under the Laws of the State of Ohio, Appellee.
Nos. 88-1068, 88-1334.
District Court of Appeal of Florida, First District.
October 28, 1988.
*871 Robert A. Butterworth, Atty. Gen., and Elliott B. Barnett and Mimi Sall-Pritchard, Sp. Asst. Attys. Gen., Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Ft. Lauderdale, for appellants.
Christopher C. Skambis and Ellen S. Camenker, of Foley & Lardner, Van Den Berg, Gay, Burke, Wilson & Arkin, Orlando, for appellee.
MILLS, Judge.
This consolidated case involves an appeal from a non-final order denying appellant's motion to dismiss or to transfer venue and a petition for writ of prohibition seeking to quash the same order as an attempt by the trial court to act outside its jurisdiction. For the reasons stated below, we consider the case properly before us as a petition for writ of prohibition. We issue the writ, quash the trial court's order and remand for transfer to the circuit court with territorial jurisdiction over the real property involved herein.
In 1941, Birch executed a deed to 180 acres of real property in Broward County, Florida to the state for its use as a state park. The deed provided that, if ever the land ceased to be used as a state park for more than one year continuously, the title would revert to Birch's estate. Antioch University is the residual beneficiary of Birch's estate, and in November 1987 filed a two-count complaint in the Second Judicial Circuit in Leon County, the defendants' "residence", Section 47.011, Florida Statutes (1987). Count I of the complaint sought a declaratory judgment that certain enumerated actions by the state had violated the conditions and covenants of the deed, that it had abandoned the land as a state park for more than one year and that the property had reverted to Antioch by operation of the deed so that Antioch held it in fee simple. Count II asked the court to quiet title in the property in Antioch and to eject the state therefrom.
In December 1987, the Department of Natural Resources (DNR) moved to dismiss or transfer the action, alleging that suits to quiet title and other causes of action the object of which is action on the property or title to real property are in rem and required by the "local action rule" (LAR) to be brought in the county where the land lies. Section 65.061(2); Publix Super Markets v. Cheesbro Roofing Co., 502 So.2d 484, 487 (Fla. 5th DCA 1987); Royal v. Parado, 462 So.2d 849, 854 (Fla. 1st DCA 1985). The motion acknowledged the court's general jurisdiction over quiet title actions, but argued that to have jurisdiction over a particular quiet title action, the court also had to have "geographical jurisdiction" over the county where the land was located. Board of Trustees of the Internal Improvement Fund v. Mobil Oil Co., 455 So.2d 412, 415 (Fla. 2d DCA 1984) aff'd. in part Coastal Petroleum v. American Cyanamid, 492 So.2d 339, 344 (Fla. 1986); Georgia Casualty v. O'Donnell, 109 Fla. 290, 147 So. 267 (1933). Arguing that both counts of the complaint required direct action on real property or title thereto, and that the property was located in the geographical jurisdiction of the 17th Judicial Circuit, DNR argued that the Second Judicial Circuit had no subject-matter jurisdiction.
Antioch opposed the motion, arguing that the LAR was a venue rule and that the defendants had waived the issue by not raising it in their responsive pleadings. It next contended that the suit was not subject to the LAR in that suits seeking rescission, cancellation or reformation of a deed or specific performance of a contract to convey land are in personam, Greene v. A.G.B.B. Hotels, 505 So.2d 666, 667, n. 1 *872 (Fla. 5th DCA 1987), and that by this suit it sought only construction of the deed and confirmation that automatic reversion had occurred. With regard to Count II of the complaint, Antioch argued that a declaratory judgment action did not operate in rem, therefore the court needed no jurisdiction over the land to rule on that portion of the complaint. The trial court denied the motion on 31 March 1988, after hearing, holding that the suit was the equivalent of a breach of contract action.
The LAR provides that where land lies outside a circuit court's territorial jurisdiction and the purpose of an action is to determine the question of title to the land, the action is local to the circuit in which the land lies. Coastal Petroleum, supra. While the circuit court has jurisdiction in all cases in equity and in law involving the title of real property, Section 26.012(2)(c), where the cause of action is in rem, the court has subject-matter jurisdiction only if it has both jurisdictional power to adjudicate the class of cases to which the cause belongs and jurisdictional authority over the land which is the subject matter of the controversy. Mobil Oil at 415 (emphasis supplied); Publix Super Markets, Inc. at 487. Further, Section 47.011, the venue statute allowing suit where defendants reside, neither confers extraterritorial jurisdiction on courts nor alters the LAR. Authority to sue in the county of defendants' residence necessarily presupposes that the court has subject matter jurisdiction. Publix at 487. Therefore, the LAR governs subject-matter jurisdiction, not venue, and cannot be waived because subject matter jurisdiction cannot be conferred by waiver or consent. Mobil Oil at 416; Publix at 488. It follows that a petition for writ of prohibition, and not a direct appeal, is the proper vehicle for obtaining review of the instant order, see Committee Note to R. 9.130(a)(3)(C)(i), and it is as such a petition that we rule on this case.
The simple involvement of real property in an action does not render that action in rem and subject to the LAR. Publix at 486; Goedmakers v. Goedmakers, 520 So.2d 575, 578 (Fla. 1988). For example, in Royal v. Parado, supra, the plaintiff sought the equitable remedy of rescission of a deed to land on the ground of fraud. The court pointed out that the appellee sought not transfer of title to the disputed property, but an equitable remedy, to be effected through action the defendants were compelled to take, i.e. surrender of the fraudulently obtained land. Therefore, the action was in personam in nature and the LAR did not apply. In Greene v. A.G.B.B. Hotels, Inc., 505 So.2d 666 (Fla. 5th DCA 1987), the plaintiff sought money damages for fraudulent inducement to purchase land and the reformation of a promissory note attached to the land. The court noted that neither the property itself nor its title was involved in the litigation, and that a plaintiff could compel action, notwithstanding it may relate to or incidentally affect the title to land in another jurisdiction, such as the performance of a contract, execution of a trust or undoing the effects of fraud, without involving the LAR. The gist of these decisions is that, when a plaintiff seeks to compel performance of a duty which a defendant within the power of the court can be compelled to perform, although the act when performed may operate to affect or pass title to land outside the court's territorial jurisdiction, the LAR does not apply. Greene at 667.
These cases also illustrate the principle that, in determining whether the presence of real property in an action renders that action in rem, one must look at the underlying major question in the case. Goedmakers at 579. In Royal, it was the determination of the existence of fraud, in Greene, money damages. The question is whether the necessary result of the decree or judgment sought is that one party gains or the other loses an interest in the real estate, or whether the title is so put in issue by the pleadings that the decision of the case necessarily involves the judicial determination of such rights. Mobil Oil at 415, n. 3 (citations omitted). If the cause of action has the object of requiring the court to act directly on property, or on the title to the property, it is an in rem action. *873 Publix at 486 (emphasis in original). For example, the Publix plaintiff sought to foreclose a mechanic's lien on real property, the judicial conversion of an equitable interest against a title to a legal title. The court held that the result sought required the trial court to act directly on the title to the property and hence was in rem. Whenever a plaintiff seeks to compel a change in the title to real property, the LAR requires the suit to be brought in the county where the land is situated. Goedmakers at 579.
In Count I of the complaint herein, Antioch sought a declaration by the court that DNR had violated the conditions and covenants of the deeds transferring the land, the property had been abandoned and not used in accordance with the grantor's intent and that Antioch was in fee simple possession of the land as a result of DNR's actions. A suit for declaratory relief does not of itself constitute a cause of action rather, one must look to the underlying relief sought. Soowal v. Marden, 452 So.2d 625 (Fla. 3d DCA 1984). In George v. Gustinger, 350 So.2d 574 (Fla. 3d DCA 1977), the plaintiff sought a determination of his rights to certain real property, arguing that the gravamen of the complaint was a determination of his rights to the property resulting from breach of an employment contract. However, the relief prayed for in the declaratory judgment action was "that plaintiff be declared to have clear title to said property." The court rejected the contract argument, finding that the relief sought was "clearly of the kind sought in quiet title actions" so that the action was required to be brought in the county where the land lay.
In the instant case, Antioch similarly argues that it is merely seeking a declaration that provisions of the deed have been breached and that any action on the land follows by operation of law from that declaration. However, it also appears that the major underlying question to which it specifically seeks an answer is, "Does Antioch, as a result of the breach, if it exists, have fee simple title to the real property to the exclusion of the current titleholder?" Unlike the Royal plaintiff, the ultimate goal of Antioch's action is to obtain the title to the disputed property. However it has couched this goal in terms of seeking merely to know whether the terms of the deed have been breached, claiming that, if they have, the property reverts to Antioch automatically, without judgment of the court to that effect. However, because Antioch specifically seeks to be declared the fee simple holder of the land by the court, to quiet title in itself and eject the state therefrom, we would hold that the title is so at issue that the decision of the case necessarily involves judicial determination of such rights. Mobil Oil at 415, n. 3. Therefore, we hold that the trial court erred in retaining jurisdiction over the complaint and remand for transfer of the cause to the circuit court having territorial jurisdiction of the property.
SMITH, C.J., and NIMMONS, J., concur.