584 So.2d 161 (1991)
Frank G. STOPPA, Victor J. Glenn, William J. Monski, Patricia Strait, Eleanor McKim, John Doe and Jane Doe, Appellants,
v.
WATER OAK MANAGEMENT CORP., a Florida corporation, as general partner of Water Oak, Ltd., a Florida limited partnership, Appellee.
No. 90-3179.
District Court of Appeal of Florida, First District.
August 9, 1991.
Rehearing Denied September 12, 1991.
*162 W. Lane Neilson and J. Tracy Wilkenson of Neilson & Associates, Orlando, for appellants.
Marguerite H. Davis and Daniel C. Brown of Katz, Kutter, Haigler, Alderman, Davis, Marks & Rutledge, Tallahassee, for appellee.
CAWTHON, Senior Judge.
Appellants appeal a non-final order denying their motion for change of venue. They contend that the trial court abused its discretion in denying their motion to transfer venue from Leon County to Lake County where all of the defendants reside and the cause of action accrued. They also assert that the trial court erred in denying the motion for change of venue based on the convenience of the parties and witnesses and/or the interest of justice. We agree and reverse the trial court's order.
Appellee, Water Oak Management Corporation (Water Oak), is the general partner of Water Oak Limited, a Florida limited partnership, which owns and operates a mobile home park located in Lake County, known as Water Oak Country Club Estates. On or about June 12, 1990, Water Oak filed a three-count complaint in the Second Judicial Circuit (Leon County) against defendants, who were all residents of the mobile home park, alleging that they tortiously conspired against Water Oak, conspired to defame Water Oak, and conspired to interfere with the business relationship of Water Oak and other mobile home owners in the park. Water Oak alleged that defendant Stoppa published the following written statement in June or July 1988 to the Florida Department of Business Regulation (the department) in Leon County:
Newspaper advertisements of Phase II/Golfside Villas misrepresent Golfside Villas as being an integral part of Water Oaks estate.
Moreover, it alleged that defendant Glenn published the following written statement on or about April 26, 1990 to the department in Leon County:
It has been brought to our attention that the stipulation packet has been distributed to all residents of the Park, including those who moved in after June 23, 1988. How can those whose prospectuses were not amended take a position on whether their rights were violated by amendments which were written before their arrival in the Park? By ignoring the specific language of the stipulation, we believe management has attempted to attract support for persons who do not qualify to respond to the question of whether their contractual rights have been breached. (emphasis in original)
Water Oak contended that as a result of defendants' conspiracies, it lost business, lost profits and interest, lost goodwill among residents of the mobile home park, and lost its good reputation.
In their motion to transfer venue from Leon County to Lake County, the defendants asserted that the venue was improperly established, for the five defendants reside in Lake County and the alleged conspiracy occurred in Lake County. Defendants also filed motions to transfer venue based on the convenience of the parties. They alleged that the majority of the defendants were senior citizens with limited incomes, *163 many of whom suffered from physical maladies, and would suffer hardship were venue to remain in Leon County. Attached to their motions are affidavits of the five defendants, averring that they will suffer physical and financial hardship if the court declined to transfer the cause to Lake County.
Counsel for Water Oak filed an affidavit with the trial court, naming eleven Leon County residents that he expected to call as witnesses and the prospective areas of testimony. The trial court held a hearing on the venue motions on September 14, 1990. Following testimony and argument, the trial court ruled that defendants failed to show that a change was appropriate, that venue was proper in Leon County, and denied defendants' motions for transfer for improper venue and transfer of venue for the convenience of the parties and the witnesses, and the interest of justice.
The trial court erred in denying the motions. Section 47.122, Florida Statutes, provides that venue may be changed "for the convenience of the parties or witnesses or in the interest of justice." As a general rule, a trial court has wide discretion in determining whether or not venue of a trial should be changed. Hu v. Crockett, 426 So.2d 1275 (Fla. 1st DCA 1983). However, the trial court's order granting or denying a change of venue may be reversed if the party contesting the choice of venue shows an abuse of discretion. See Burger King Corp. v. Koeppel, 564 So.2d 209 (Fla. 3rd DCA 1990) (the trial court abused its discretion in denying the motion to change venue where the change in venue best serves the majority of the witnesses as well as the plaintiff and the contact with the current venue is slight and the possible inconvenience to the defendant is slight.)
The defendants have met their burden of demonstrating the impropriety of the trial court's denial of their motions for change of venue. A transfer to Lake County is more convenient for the parties and the witnesses. All of the defendants reside in Lake County. None reside in or near Leon County. All the defendants are retired with limited, modest retirement incomes and will suffer substantial financial hardships caused by a transfer of venue to Leon County. Four of the five defendants suffer from medical conditions that limit their ability to travel.
Moreover, a greater number of witnesses reside in Lake County. Defendants aver that they will be required to subpoena about 600 Lake County residents, local government employees and officials. The plaintiff alleges that as a result of the conspiracies by the defendants, it has incurred damages including the loss of business, the loss of profits and interest thereon, the loss of goodwill among residents of the mobile home park and damages to the good reputation of the plaintiff for honesty and fair business dealings in the community. The mobile home park is in Lake County. To prove these damages, plaintiffs will have to call residents of the mobile home park and persons in the Lake County community.
Finally, the interest of justice would be advanced by changing venue from Leon County to Lake County. The convenience of employees of a state regulatory agency ought not override the convenience of the non-state witnesses. The parties' contacts with Leon County are minimal when compared to their contacts with Lake County. Accordingly, the trial court's order denying the change of venue is reversed, and the cause remanded.
ERVIN and WIGGINTON, JJ., concur.