PER CURIAM.
We agree with appellant that she has sufficiently alleged a local action involving both the legal and equitable title to real estate located in Florida so as to entitle her to maintain the action in Florida despite the fact that it would be more convenient to the parties to litigate in another state. See Corachi v. Hogan, 515 So.2d 1064 (Fla. 5th DCA 1987), rev. denied, 525 So.2d 878 (Fla.1988); Alternative Dev., Inc. v. St. Lucie Club and Apartment Homes Condominium Ass’n, Inc., 608 So.2d 822 (Fla. 4th DCA 1992); State, Dep’t of Natural Resources v. Antioch Univ., 533 So.2d 869 (Fla. 1st DCA 1988); see also Greyhound Corp. v. Rosart, 124 So.2d 708 (Fla. 3d DCA 1960) (Florida has strong policy favoring plaintiff’s selection of venue).
Accordingly, we reverse and remand for further proceedings consistent herewith.
ANSTEAD and KLEIN, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.