902 So.2d 833 (2005)
OCEAN BANK, Petitioner,
v.
STATE of Florida, DEPARTMENT OF FINANCIAL SERVICES, as Receiver for Aries Insurance Co., Respondent.
No. 1D04-3906.
District Court of Appeal of Florida, First District.
March 31, 2005.
Rehearing Denied June 6, 2005.
Kendall Coffey of Coffey & Wright, L.L.P., Miami; Joel L. Tabas of Tabas, Freedman Soloff & Miller, P.A., Miami; J. Riley Davis of Akerman Senterfitt, Tallahassee, for petitioner.
*834 E. Barclay Cale and Kevin W. Brown of Mandel & Cale, L.L.P., Miami, for respondent.
PER CURIAM.
Ocean Bank seeks a writ of prohibition asserting that the Leon County Circuit Court is exceeding its subject-matter jurisdiction in a receivership action by presiding over matters directly related to a foreclosure action pending against real property located in Dade County. We grant the writ, but certify to the supreme court a question we believe to be of great public importance.

Background
Ocean Bank provided mortgage loans to Onyx Insurance Group, Inc., for properties located in Dade County. Without Ocean Bank's knowledge, Onyx quitclaimed title to the mortgaged properties to Aries Insurance Company. Thereafter, the Leon County Circuit Court appointed the Florida Department of Insurance, now the Department of Financial Services (DFS), as receiver for Aries. Title to all property, real or personal, wherever located, was vested in the receiver. The receivership court entered a notice of automatic stay under section 631.041(1), Florida Statutes (2002), which provides that the initiation of a delinquency petition operates as a matter of law as an automatic stay applicable to all persons and entities, except that a secured claim as defined in section 631.011(21) may proceed under section 631.191 after the order of liquidation is entered. A secured claim under section 631.011(21) includes "any claim secured by mortgage." A consent order appointed DFS as receiver for purposes of liquidation. The order authorized DFS to liquidate the assets and prohibited DFS from accepting service of process without authorization of the court, except, however, "in actions where [the insolvent insurer] is a nominal party, as in certain foreclosure actions, and the action does not affect a claim against, or adversely affect the assets of [the insolvent insurer], the receiver may file appropriate pleadings in its discretion."
Thereafter, Ocean Bank brought a mortgage foreclosure action in Dade County against real property located in that county and naming DFS (as Aries' receiver), Onyx, and others as defendants. The receiver refused service of process. Onyx and related companies then filed a voluntary chapter 7 bankruptcy petition. Ocean Bank removed the Dade County civil foreclosure action to the bankruptcy court seeking monetary awards against the debtors and foreclosure of property of the debtors' estate.
In the receivership action in Leon County, Ocean Bank filed a complaint for declaratory judgment and alternatively for stay relief or a determination of the validity and priority of Ocean Bank's security claims. Ocean Bank sought permission to pursue its secured claims in the Dade County action and asked that the receivership court determine that Aries' ownership of the real property was the result of an improper transfer to Aries without the knowledge or consent of Ocean Bank. Ocean Bank sought participation by the receiver in the Dade County action to permit the bank to proceed to judgment and sale of the foreclosed property. Ocean Bank contended that the priority dispute regarding real property in Dade County was not exclusively under the jurisdiction of the receivership court, but asserted that section 47.011 mandated that the exclusive venue for foreclosure actions is in the county where the real property is located.
DFS filed a counterclaim in the receivership action to void the mortgages held by Ocean Bank. DFS asserted that Ocean Bank did not possess valid security interests *835 in the properties because Aries had made an illegal distribution and fraudulent transfer of real estate to Onyx. Ocean Bank filed a motion to dismiss the receiver's counterclaim and requested that the receivership court defer jurisdiction to the foreclosure court over any issues related to the real estate properties. Ocean Bank argued that because the receiver had asked the court to void the mortgages and declare them unenforceable, the action was in rem or quasi in rem and not an in personam action because a mortgage clearly involves an interest in real estate. The Leon County Circuit Court denied the motion to dismiss and this petition for writ of prohibition followed.

Analysis
Under the "local action rule," a suit primarily seeking transfer of title to real property is considered to be quasi in rem and is required to be brought in the county where the land is situated. See Goedmakers v. Goedmakers, 520 So.2d 575 (Fla.1988); Ga. Cas. Co. v. O'Donnell, 109 Fla. 290, 147 So. 267 (1933); Sales v. Berzin, 212 So.2d 23 (Fla. 4th DCA 1968). Although a mortgage does not transfer legal title in Florida, it does subject the title to a lien, and a successful foreclosure would transfer legal title to the property. Here, if the receivership court voids the mortgages, then Ocean Bank would lose its liens and the foreclosure action would be over.
Florida Rule of Civil Procedure 1.170(a) provides that a compulsory counterclaim is one "aris[ing] out of the transaction or occurrence that is the subject matter of the opposing party's claim." Here, DFS's counterclaim cannot, in our judgment, be considered a claim independent from the suit for mortgage foreclosure. The purpose of the compulsory counterclaim rule is "to promote judicial efficiency by requiring defendants to raise claims arising from the same `transaction or occurrence' as the plaintiff's claim." Londono v. Turkey Creek, Inc., 609 So.2d 14, 19 (Fla.1992). The courts have defined "transaction or occurrence" with a "broad realistic interpretation" in order to avoid numerous lawsuits from the same facts. Turkey Creek, Inc. v. Londono, 567 So.2d 943, 945 (Fla. 1st DCA 1990). We have determined that DFS's request to void Ocean Bank's mortgages is a compulsory counterclaim to the foreclosure action and, thus, it must be brought in the foreclosure action, not in the receivership proceeding.
Because of the important jurisdictional issue presented, we certify the following question, which we believe to be of great public importance:
IS A CLAIM TO VOID A MORTGAGE A COMPULSORY COUNTERCLAIM IN A PENDING MORTGAGE FORECLOSURE ACTION SUCH THAT A RECEIVERSHIP COURT DOES NOT HAVE JURISDICTION TO SEPARATELY CONSIDER A CLAIM TO VOID THE MORTGAGE IN A RECEIVERSHIP ACTION?
WRIT GRANTED.
ALLEN and KAHN, JJ., concur; BENTON, J., dissents with opinion.
BENTON, J., dissenting.
Because the Department of Financial Services has been ordered to liquidate the assets of Aries Insurance Company (Aries) under the Florida Insurers Rehabilitation and Liquidation Act, "the Circuit Court of Leon County [has and] shall have exclusive jurisdiction with respect to [Aries's] assets or property ... and claims against said insurer's assets or property." § 631.021(6), Fla. Stat. (2004).
According to Ocean Bank's petition for writ of prohibition, Ocean Bank (Ocean) holds mortgages encumbering real property *836 in Miami that, as receiver for Aries, the Department of Financial Services (DFS) "occupied and/or took control of." DFS is not presently a party to any proceeding to foreclose the Miami property. Originally Aries's asset, the Miami property was transferred to Aries's parent, Onyx Insurance Group, Inc. (Onyx), which mortgaged the property to Ocean, before deeding it back to Aries.
DFS contends that the transfer to Onyx was illegal, an illegality in which Ocean was complicit, and that DFS is entitled to the asset, undiminished by the encumbrance. See § 631.399, Fla. Stat. (2004) ("Receiver's right to recover distributions made to affiliate."). Ocean denies complicity in any illegality and asserts entitlement to most, if not all, of the value of the Miami property.
When Ocean sought to subject DFS to the jurisdiction of another court by instituting a foreclosure action in Miami, DFS "refuse[d] to accept service." § 631.021(5), Fla. Stat. (2004). Ocean then petitioned the Circuit Court of Leon County "for relief from the receiver's refusal to accept service." Id. The Circuit Court of Leon County denied that relief, as well as declaratory relief Ocean sought simultaneously.
In short, Ocean initiated, then lost, an adversary proceeding in the Circuit Court of Leon County. Instead of seeking certiorari or interlocutory review of the adverse rulings it suffered, however, Ocean filed a petition for writ of prohibition, belatedly attacking exercise of the very jurisdiction Ocean had itself invoked. (DFS's counterclaim, and Ocean's motion to dismiss the counterclaim, presented no new jurisdictional question.) Even as a procedural matter, therefore, prohibition is problematic here.
Substantively, the Legislature has given the Circuit Court of Leon County exclusive jurisdiction over what are sometimes intricate questions arising under the Florida Insurers Rehabilitation and Liquidation Act, sections 631.001-.399, Florida Statutes (2004), and part IV of chapter 628, entitled Insurance Holding Companies. See §§ 628.801-.803, Fla. Stat. (2004). Until those questions are resolved, any foreclosure action can wait.
Persuaded that granting the petition for writ of prohibition runs afoul of the statutory scheme, I respectfully dissent.