933 So.2d 673 (2006)
CSX TRANSPORTATION, INC., Appellant,
v.
John L. DEEM, Appellee.
No. 1D05-4387.
District Court of Appeal of Florida, First District.
July 13, 2006.
Homer H. Humphries, Jr., and Ronald R. Oberdier, of Humphries & Oberdier, P.A., Jacksonville, for Appellant.
Walton G. Bondurant, Jr., of Bondurant Law, P.C., Portsmouth, VA; Suzanne Bass, Jacksonville; and Michael J. Korn, of Korn & Zehmer, P.A., Jacksonville, for Appellee.
BARFIELD, J.
The appellant challenges the trial court's denial of its motion to dismiss a suit on the ground of forum non conveniens. In Kinney System, Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996), the Florida Supreme Court adopted the federal standard for application of the common law doctrine of forum non conveniens, involving a four step analysis. The court first determines that an alternative forum is available. If so, the court then considers all the relevant private interests, weighing in the balance the strong presumption against disturbing the plaintiff's initial choice of forum. If the private interests are substantially in balance, the court then considers whether the balance of public interests favors trial in the alternate forum, and if so, the court must ensure that the plaintiff will be able to bring suit in the alternative forum without undue inconvenience or prejudice. This standard was codified in Florida Rule of Civil Procedure 1.061, which also provides: "The decision to grant or deny the motion for dismissal rests in the sound discretion of the trial court, subject to review for abuse of discretion."
In the case at issue, the plaintiff's injury occurred in West Virginia, but the defendant's principal place of business was located in Jacksonville, Florida. The availability of an alternate forum was demonstrated. However, after considering the relevant private interests, including the fact that numerous witnesses were located in Jacksonville and in West Virginia, *674 the trial judge determined that the balance of interests did not favor disturbing the plaintiff's initial choice of forum. The evidence supports denial of the motion to dismiss on grounds of forum non conveniens, and the appellant has not demonstrated that the trial judge abused his discretion in denying the motion. The order is therefore AFFIRMED.
BROWNING, J., concurs; THOMAS, J., dissents with written opinion.
THOMAS, J., Dissents.
I respectfully dissent. In my view, the trial court reversibly erred when it denied Appellant's motion to dismiss based on forum non conveniens. This case is based on an alleged slip-and-fall accident on an icy sidewalk in West Virginia, where the critical eyewitnesses and most of the other relevant witnesses are from West Virginia and neighboring states. While some potential witnesses are located in Jacksonville, the crux of the factual allegations and Appellee's medical claims will be resolved primarily based on out-of-state testimony and evidence. By denying Appellant's motion, limited state public resources will be expended to try a federal law case based on an incident occurring in another state.
As the majority states, the applicable test for application of the common law doctrine of forum non conveniens was described in Kinney System, Inc. v. Cont'l Ins. Co., 674 So.2d 86, 93 (Fla.1996). In my view, neither the private nor the public interests, as analyzed under Kinney, favor Jacksonville as the proper forum.
In considering private interests, the "strong presumption against disturbing plaintiffs' initial forum choice" diminishes where the plaintiff has chosen a foreign forum that is not convenient for the plaintiff. Value Rent-A-Car, Inc. v. Harbert, 720 So.2d 552, 555 (Fla. 4th DCA 1998) (explaining that a Georgia resident who chose to file suit in Florida, the corporation's principal place of business, was not entitled to the strong presumption against disturbing his initial choice). Here, Appellee, a West Virginia resident, chose to file suit in Florida, a forum that is not convenient for him; thus Appellee is not entitled to a strong presumption in favor of Florida as his initial forum choice. Without this strong presumption, the private interests clearly favor dismissal and resolution in a forum such as West Virginia, where the most significant evidence and witnesses are located.
Because the private interests at stake favor dismissal, I believe that the public interests need not be considered here. See Value Rent-A-Car, 720 So.2d at 555. Even if considered, though, the applicable public interests further support dismissal because scarce judicial resources will be used to resolve a case best heard in another state. This was the essence of the supreme court's concern in Kinney and the reason it chose to adopt the federal forum non conveniens doctrine: "We ourselves must continually ask the legislature for an expansion of judicial funding to meet the ever-increasing crush of litigation now coming into our courthouses." Kinney, 674 So.2d at 88. While the legislature, the executive branch and the supreme court have worked together in recent years to ensure that adequate judicial resources exist to meet Florida's growing caseloads, adding essentially out-of-state disputes to these caseloads is inconsistent with both the public policy of this state and the rationale in Kinney.
Because I believe the trial court reversibly erred in denying Appellant's motion, I respectfully dissent.