PADOVANO, J.
 

 The plaintiffs, Ellis and Barbara Diamond, filed an inverse condemnation suit in the Circuit Court for Leon County against the defendants, Levy County, the Trustees of the Internal Improvement Fund, and the Department of Environmental Protection. After obtaining waivers of the home venue privilege by the Trust Fund and the Department, Levy County filed a motion to transfer venue under section 47.122, Florida Statutes, to the Circuit Court for Levy County. The trial court denied the motion, and Levy County now appeals.
 

 It is not clear from the order whether the trial court accepted the Diamonds’ argument that the home venue privilege cannot be waived, or whether the court simply
 
 *566
 
 rejected Levy County’s argument that venue should be changed for the convenience of the witnesses. However, we conclude that the trial court was in error in either case.
 

 A state agency has a right to be sued in the county where it maintains its headquarters.
 
 See Carlile v. Game and Fresh Water Fish Comm’n,
 
 354 So.2d 362, 366 (Fla.1977). The Trust Fund and the Department each waived the privilege, but the plaintiffs contend that these waivers are invalid. They argue that the list of recognized exceptions to the home venue privilege set out in
 
 Florida Department of Children and Family Services v. Sun-Sentinel, Inc.,
 
 865 So.2d 1278 (Fla.2004), includes a waiver by statute but not a post-filing voluntary waiver by the agency. Hence, they conclude that the waivers by the Trust Fund and the Department are ineffective and that the litigation must remain in Leon County.
 

 It is true that the home venue privilege may be waived by statute, as the court noted in
 
 Surir-Sentinel,
 
 but that is not the only way that it can be waived. For example, if the agency is the party moving for a change of venue, the very act of filing the motion would amount to a waiver.
 
 See Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. State,
 
 295 So.2d 314, 322-323 (Fla. 1st DCA 1974). Likewise, an agency may waive the privilege by failing to assert a timely objection to venue.
 
 See Dep’t of Transp. v. Gulf-Atlantic Constructors, Inc.,
 
 727 So.2d 305, 306 (Fla. 1st DCA 1999). Improper venue is one of the defenses that must be asserted at or before the time for service
 
 of
 
 a responsive pleading.
 
 See
 
 Fla. R. Civ. P. 1.140(b).
 

 When the court in
 
 Sun-Sentinel
 
 included a waiver by statute on the list of exceptions to the home venue privilege, it was speaking of the circumstances in which the privilege would not apply-that is, the circumstances in which an agency would have no right to enforce the privilege. Whether an agency can give up a right it could otherwise elect to enforce is another matter entirely. Like most other rights, the home venue privilege afforded to a state agency may be waived.
 

 Both before and after
 
 Surir-Sentinel,
 
 Florida courts have distinguished between the identified exceptions to the home venue privilege and voluntary waiver of the privilege.
 
 See Bush v. State,
 
 945 So.2d 1207, 1212 (Fla.2006) (“Absent waiver or application of an identified exception, the home venue privilege appears to be an absolute right.”) (quoting
 
 Jacksonville Elec. Auth. v. Clay Co. Utility Auth.,
 
 802 So.2d 1190, 1192 (Fla. 1st DCA 2002));
 
 Fla. Div. of Pari-Mutuel Wagering of the Fla. Dep’t of Prof. Reg. v. Fla. Standardbred Breeders & Owners
 
 Assoc.,
 
 Inc.,
 
 983 So.2d 61 (Fla. 4th DCA 2008) (“The only time [the home venue] privilege is not enforced is when an agency waives it or an exception to the privilege applies”);
 
 School Bd. of Osceola County v. State Bd. of Educ.,
 
 903 So.2d 963, 966 (Fla. 5th DCA 2005). As these cases illustrate, there are exceptions to the home venue privilege, but the privilege can be waived even if an exception does not apply.
 

 The trial judge may have concluded that Levy County failed to show that venue should be changed for the convenience of the witnesses. However, it is clear from the record that the controversy has little or no connection to Leon County, the forum selected by the plaintiffs. The property that is the subject of the inverse condemnation claim is situated in Levy County, the official documents relating to the property are on file in the clerk’s office in Levy County and nearly all of the potential witnesses live in Levy County or in
 
 *567
 
 the immediate vicinity. The plaintiffs filed an affidavit in opposition to the motion for change of venue, but the affidavit merely raises the possibility that some of the witnesses would be Tallahassee residents employed by the Trust Fund or the Department.
 

 We recognize that a motion for change of venue based on the doctrine of
 
 foTwm non conveniens
 
 is within the discretion of the trial court.
 
 See CSX Transportation, Inc. v. Deem,
 
 933 So.2d 673 (Fla. 1st DCA 2006);
 
 Hu v. Crockett,
 
 426 So.2d 1275, 1276 (Fla. 1st DCA 1983). But the order in this case does not indicate that the motion was denied on that basis, much less explain why. Because there is no substantial connection between the case and the forum selected by the plaintiffs, we conclude that the motion for change of venue should have been granted.
 
 See Morrill v. Lytle,
 
 893 So.2d 671 (Fla. 1st DCA 2005);
 
 Stoppa v. Water Oak Mgmt. Corp.,
 
 584 So.2d 161 (Fla. 1st DCA 1991).
 

 Reversed.
 

 KAHN and VAN NORTWICK, JJ., concur.