POLEN, J.
 

 Floridian Community Bank, Inc. (FCB) filed a petition for writ of prohibition challenging the Broward Circuit Court’s subject matter jurisdiction to proceed with a pending lawsuit seeking to rescind mortgage documents and to enforce a document modifying mortgage documents. We grant the petition.
 

 In December 2006, respondents, Howard Bloom, Diane Bloom, and Ashley Barrett Bloom, obtained loans from FCB in the sum of $750,000. As collateral, they gave FCB a first mortgage on real property located in Collier County. FCB agreed in 2007 and 2008 to modify the terms of the underlying promissory notes and mortgages to extend the maturity date, among other things.
 

 Around January 2009, the parties considered further modifications. In March 2009, respondents and FCB executed a loan extension agreement. This agreement, along with the original mortgages, notes and subsequent modifications, are secured by the real property located in Collier County. Pursuant to the March 2009 loan extension agreement, respondents promised to pay FCB $13,752.63 as outstanding interest and attorney’s fees immediately upon execution of the agreement and to pay a $200,000 principal reduction sum by April 15, 2009. In exchange, FCB agreed to forebear from foreclosing through April 15, 2009, as long as respondents complied with the terms of the agreement.
 

 FCB alleges that respondents did not pay the principal reduction sum. Instead, respondents filed a complaint in Broward County against FCB on April 15, 2009, alleging breach of loan extension agreement, breach of covenant of good faith and fair dealing, novation, and rescission of the loan extension agreement. In their com
 
 *45
 
 plaint, respondents alleged that FCB refused to recognize the loan extension agreement previously negotiated, and that a new one was presented with “onerous and unilateral terms.”
 

 Thereafter, FCB filed mortgage foreclosure actions against respondents in Collier County, the site of the real property used as security for the original mortgages, notes and modifications.
 

 In response to respondents’ lawsuit in Broward Circuit Court, FCB filed a motion to dismiss, or in the alternative, a motion to transfer venue. FCB argued that the action failed to state a cause of action, and if anything, the claims in the complaint should be asserted as affirmative defenses to FCB’s foreclosure actions pending in Collier County. FCB argued that, in the alternative, the action should be transferred to Collier County under the local action rule. Finally, FCB argued that splitting the causes of action was contrary to Florida law.
 

 The trial court heard FCB’s motion on July 7, 2009, and issued an order granting the motion to dismiss or transfer as to the count for novation, but denying it without prejudice as to the other counts.
 

 Prohibition lies where a petitioner has demonstrated that a trial court lacks subject matter jurisdiction over a lawsuit.
 
 English v. McCrary,
 
 348 So.2d 293 (Fla.1977). This case involves application of the “local action rule,” which governs subject matter jurisdiction, not venue.
 
 Hudlett v. Sanderson,
 
 715 So.2d 1050 (Fla. 4th DCA 1998);
 
 State Dep’t. of Nat’l Res. v. Antioch Univ.,
 
 533 So.2d 869 (Fla. 1st DCA 1988).
 

 In
 
 Ocean Bank v. State, Dept. of Fin. Serv.,
 
 902 So.2d 833 (Fla. 1st DCA 2005), Ocean Bank sought prohibition on the grounds that the Leon Circuit Court was exceeding its subject matter jurisdiction in a receivership action by presiding over matters directly related to a foreclosure action pending against real property located in Dade County.
 
 Id.
 
 at 834. The first district applied the “local action rule” under which a suit primarily seeking transfer of title to real property is considered
 
 quasi in rem
 
 and is required to be brought in the county where the land is situated.
 
 Id.
 
 at 835.
 

 The first district also found in
 
 Ocean Bank
 
 that the claim to void a mortgage was a compulsory counterclaim in the pending mortgage foreclosure action.
 
 Id.
 
 Similarly, in the present ease, the respondents’ claims for breach of loan extension agreement, breach of covenant of good faith and fair dealing, novation and rescission of the loan extension agreement involve parties, properties, facts and circumstances, and security instruments identical to those involved in FCB’s mortgage foreclosure action. Therefore, respondents’ claims “aris[e] out of the transaction or occurrence that is the subject matter” of FCB’s claim and are compulsory counterclaims properly brought pursuant to Florida Rule of Civil Procedure 1.170(a) in connection with FCB’s action in Collier County.
 

 For the foregoing reasons, we grant FCB’s petition for prohibition.
 

 GROSS, C.J., and GERBER, J., concur.