THOMAS, J.,
dissenting.
I respectfully dissent. Although I understand that there has been extensive and lengthy litigation in this matter, the law requires that this case be resolved in the court which possesses jurisdictional authority over the land in question.
Because the trial court lacked subject-matter jurisdiction to consider an inverse condemnation action against the Board of Trustees, as such an action is in rem and therefore subject to the Local Action Rule, this court should treat this appeal as a petition for writ of prohibition, grant the writ, and thereby divest the Second Judicial Circuit of jurisdiction with direction to transfer the case to the First Judicial Circuit In and For Walton County. See State, Dep’t of Natural Res. v. Antioch Univ., 533 So.2d 869, 872 (Fla. 1st DCA 1988) (“[T]he LAR governs subject-matter jurisdiction, not venue.... It follows that a petition for writ of prohibition, and not a direct appeal, is the proper vehicle for obtaining review....”); § 65.061(2), Fla. Stat. Appellants (“the Board”) are entitled to extraordinary relief as a matter of law. And because subject-matter jurisdiction cannot be waived, the majority opinion is incorrect in holding that the issue here only involves venue, and therefore the Board waived its right to move to transfer the case to Walton County.
Inverse condemnation cases are in rem, and the facts of this case perfectly show why this conclusion is supported by law and logic. Here, the existence of the boundary between the Board and Appel-lees is a fluctuating shoreline very much in dispute. See Walton County v. Stop the Beach Renourishment, Inc., 998 So.2d 1102 (Fla.2008), aff'd, Stop the Beach Renourishment, Inc. v. Fla. Dep’t of Envtl. Prot., 560 U.S. 702, 130 S.Ct. 2592, 177 L.Ed.2d 184 (2010). Therefore, this action by Appellees must be brought in the circuit court where the land in dispute is located, Walton County, which has the jurisdictional authority regarding the title to the property and related actions regarding the property.
This conclusion is further supported by the well-established rule that eminent domain actions are in rem, and must be litigated in the county in which the land is located. Fla. Power & Light Co. v. Jennings, 518 So.2d 895, 898 (Fla.1987); Wilson v. Jacksonville Expressway Auth., 110 So.2d 707 (Fla. 1st DCA 1959). The Board correctly asserts that, like eminent domain actions, the “nature of an inverse condemnation claim demands that it be similarly treated.” As noted, this assertion is legally and logically correct and especially applicable here, because Appellees’ title claim will be the subject of vigorous litigation. Thus, it is only proper that the circuit court in which the land is located hear the case, as it alone has the subject-matter jurisdiction to adjudicate such property disputes.
A circuit court has no jurisdictional power to adjudicate a case in which the court has no jurisdictional authority regarding the land in controversy. Seven Hills v. *1173 Bentley, 848 So.2d 345, 350-51 (Fla. 1st DCA 2003) (citing Antioch Univ., 533 So.2d at 872). As we stated in Antioch, “in determining whether the presence of real property in an action renders that action in rem, one must look at the underlying major question in the case.” 533 So.2d at 872. Here, the ultimate question is very much linked to defining the nature of the legal title to the land at issue. Thus, as we stated:
The question is whether the necessary result of the decree or judgment sought is that one party gains or the other party loses an interest in the real estate, or whether the title is so put in issue by the pleadings that the decision of the case necessarily involves the judicial determination of such rights. If the cause of action has the object of requiring the court to act directly on [the] property, or on the title to the property, it is an in rem action.
Id. (citation omitted).
This inverse condemnation case fits our description of an in rem action, as the lower court will be required to “act directly on the property, or on the title to the property.” This is true, because damages cannot be calculated, should Appellees prevail, without a precise determination of the extent and boundaries of the land allegedly taken by the Board.
In Antioch, this court cited Publix Super Markets, Inc. v. Cheesbro Roofing, Inc., 502 So.2d 484 (Fla. 5th DCA 1987), which held that an action to foreclose a mechanic’s lien on property was the “judicial conversion of an equitable interest against a title to a legal title.” Antioch, 533 So.2d at 873. This court agreed with the Fifth District that such an action was an in rem action, because the action required the court to “compel a change in the title to real property.” Id. at 873. In Antioch, this court held that an action seeking to invoke a reverter clause based on deed restrictions was also an in rem action, as the action sought to declare Antioch the fee simple holder of title.
Thus, an inverse condemnation case is also an in rem action, as it involves an allegation under which the plaintiff claims that the State has so frustrated legal uses of the property that the State must be treated as if it condemned the property. Furthermore, Florida law provides under section 161.141, Florida Statutes, that “[i]f an authorized beach restoration ... project cannot reasonably be accomplished without the taking of private property, the taking must be made by the requesting authority by eminent domain proceedings.” (Emphasis added.) And as noted by the Board here, in an inverse condemnation claim, “an owner asserts that government actions have ousted him from his property as effectively as if it were actually taken in a formal eminent domain action.”
The case law cited by the majority opinion does not support its view. For example, in Levy County v. Diamond, 7 So.3d 564 (Fla. 1st DCA 2009), the plaintiffs asserted an inverse condemnation claim regarding land located in Levy County, but filed their suit in Leon County. The trial court refused to transfer the action to Levy County, and this court reversed, recognizing that the “property that is the subject of the inverse condemnation claim is situated in Levy County, the official documents relating to the property are on file in the clerk’s office in Levy County and nearly all of the potential witnesses live in Levy County or in the immediate vicinity.” 7 So.3d at 566-67. The same logic applies here, as the boundary and extent of the real property in this case are very much in dispute. From this court’s decision in Levy County, it does not appear that an argument regarding subject-matter juris *1174 diction was made, and while this court addressed the issue in terms of venue, the logic undergirding our decision supports the proposition that an inverse condemnation claim must be heard in the county in which the land is located.
None of the other cases cited by the majority support its view that an inverse condemnation claim is not an in rem action. The Fourth District did not address this issue in Florida Department of Agriculture & Consumer Services v. City of Pompano Beach, 829 So.2d 928 (Fla. 4th DCA 2002), although that decision, again, supports the logical proposition that an inverse condemnation claim must be brought in the county in which the land is located, as even the majority opinion acknowledges. The fact that a court may find that venue considerations demand such a conclusion does not logically lead to the proposition that the claim is not an inherently in rem action, when the court does not address a subject-matter jurisdiction argument. Rather, these decisions simply recognize the obvious: such an action must be brought in the county in which the land is located.
It is axiomatic that parties cannot waive subject-matter jurisdiction or confer such jurisdiction on a court through acquiescence. FCCI Mut. Ins. Co. v. Cayce’s Excavation, Inc. 675 So.2d 1028, 1029 (Fla. 1st DCA 1996) (“It is well settled that subject matter jurisdiction cannot be conferred by estoppel. Indeed, neither consent, acquiescence, nor waiver can confer subject matter jurisdiction of the subject matter, which is not within the power of the court to adjudicate.” (emphasis added; citation omitted)). That is precisely the controlling principle here, as the Second Circuit Court did not have “power to adjudicate” litigation involving complex questions of land ownership and value, when the land is located in another circuit.
Thus, I respectfully dissent. I would hold that the action below is an in rem action and, therefore, treat this appeal as a petition for writ of prohibition and grant the writ, with directions that the case be removed from the Second Judicial Circuit and transferred to Walton County.