# Third District Court of Appeal

## State of Florida

Opinion filed November 22, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1517
Lower Tribunal No. 16-31938
_____

## Asset Recovery Group, LLC, and Wayne Ginter,
Petitioners,

vs.

## Lazaro Cabrera, et al.,
Respondents.

A Case of Original Jurisdiction – Prohibition.

BeharBehar, and Jaclyn Ann Behar and Sharita R. Young (Sunrise), for petitioners.

Law Offices of Stephen M. Cohen, P.A., and Stephen M. Cohen (Palm Beach Gardens), for respondent Lazaro Cabrera.

Before ROTHENBERG, C.J., and LAGOA and SCALES, JJ.

ROTHENBERG, C.J.

The defendants below, Asset Recovery Group, LLC, and Wayne Ginter (collectively, "the Receiver"), petition this Court for a writ of prohibition, challenging the trial court's non-final order denying the Receiver's motion to dismiss for lack of subject matter jurisdiction Counts IV and V of the amended complaint filed by Lazaro Cabrera ("Cabrera").[1] Because Cabrera was required to obtain leave of court from the trial court appointing the Receiver prior to filing his negligence action against the Receiver, we grant the petition for writ of prohibition, quash the order under review, and remand with directions to enter an order granting the motion to dismiss without prejudice.[2]

## I. FACTS AND PROCEEDINGS BELOW

The petition relates to two cases filed in the Miami-Dade Circuit Court. First, Case No. 11-38747 (Judicial Section CA05) is a commercial foreclosure action, during which the trial court (Judge Schumacher) appointed the Receiver and ordered the Receiver to take control of the mortgaged property—an apartment complex located in Homestead, Florida ("the apartment complex"). Second, Case No. 16-31938 (Judicial Section CA06) is a premises liability action filed by

---

[1] Counts IV and V asserted claims for negligence. Count IV was against Asset Recovery Group, LLC, and Count V was against Wayne Ginter.

[2] The Receiver filed a petition for writ of certiorari, or in the alternative, a petition for writ of prohibition. Without further discussion, we dismiss the petition for writ of certiorari. See Stockinger v. Zeilberger, 152 So. 3d 71, 73 (Fla. 3d DCA 2014) ("The establishment of irreparable harm is a condition precedent to invoking certiorari jurisdiction.").

Cabrera against the owners of the apartment complex and the Receiver for injuries sustained during a stabbing that occurred at the apartment complex on May 7, 2013, prior to the discharge of the Receiver in Case No. 11-38747. The facts in each case are as follows:

### A. *Case No. 11-38747—Commercial Foreclosure*

In November 2011, U.S Century Bank filed a commercial foreclosure action against 1200 Homestead 72, LLC ("1200 Homestead"). Thereafter, U.S. Century Bank filed an emergency motion to appoint a receiver, or in the alternative, a motion for sequestration of rent. In February 2012, the trial court (Judge Schumacher) granted the motion and appointed the Receiver. The order appointing the Receiver provides that the Receiver shall take possession, custody, and control of the mortgaged real property—the apartment complex. Paragraph 16 of the appointing order provides:

> Judicial Immunity. The Receiver and the Receiver's attorneys and agents: . . . (iii) shall not be liable to anyone for their good faith compliance with the duties and responsibilities as a receiver, or as attorney or agent for Receiver; and (iv) shall not be liable to anyone for their acts or omissions, except upon a finding by this Court that such acts or omissions were outside the scope of their duties or were grossly negligent.

Samjack Homestead, LLC ("Samjack"), was substituted as the plaintiff for U.S. Century Bank. In March 2013, a final judgment of foreclosure was entered in favor of Samjack and against defendant 1200 Homestead and others. In April

3

2013, the apartment complex was sold at the foreclosure sale to Samjack, and on July 9, 2013, the Receiver was discharged.

B. *Case No. 16-31938—Premises Liability Action*

On December 14, 2016, Cabrera filed a negligence (premises liability) action against Samjack and 1200 Homestead, asserting that on May 7, 2013, he was stabbed at the apartment complex while he was an invitee and that Samjack and 1200 Homestead were negligent by failing to maintain the premises in a reasonably safe condition by not keeping it free from third party criminal conduct. Two days after filing his complaint, Cabrera filed a motion to amend the complaint to add the Receiver as a defendant, explaining that the apartment complex was in receivership when Cabrera was stabbed. The trial court granted the motion to amend, and thereafter, in January 2017, Cabrera filed an amended complaint adding the Receiver as a named defendant and asserting negligence claims against the Receiver (Count IV as to Asset Recovery Group, LLC, and Count V as to Wayne Ginter).

In March 2017, the Receiver filed a motion to dismiss Counts IV and V of the amended complaint for lack of subject matter jurisdiction, arguing that the trial court lacked subject matter jurisdiction because, prior to filing suit, Cabrera had not sought leave of court from the court that had appointed the Receiver, as required by <u>Barton v. Barbour</u>, 104 U.S. 126, 128 (1881), in which the Supreme

Court of the United States held that "before suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained." ("Barton doctrine").

Cabrera filed a memorandum in opposition, arguing that he was not required to seek leave from the appointing court based on two applicable exceptions to the Barton doctrine. First, a receiver may be personally liable and not claim the protection of the court if he "steps outside the authority granted by the court or does things in his personal capacity and not as a receiver." Murtha v. Steijskal, 232 So. 2d 53, 55 (Fla. 4th DCA 1970).[3] Second, Cabrera contended that he was not required to seek leave from the appointing court based on the "carrying on business" exception to the Barton doctrine, which is set forth in 28 U.S.C. § 959(a) and provides as follows:

> (a) Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

---

[3] Our review of the amended complaint reflects that it does not contain any allegations that the Receiver had "step[ped] outside the authority granted by the court or [did] things in his personal capacity and not as a receiver." Accordingly, without further discussion, we conclude that the exception set forth in Murtha is inapplicable to the instant case.

Following a hearing in Case No. 16-31938, the trial court (Judge Cohen) denied the Receiver's motion to dismiss. Although the trial court's order simply states that the motion to dismiss is denied, the transcript of the hearing indicates that it was denied based on Murtha and Patco Energy Express, LLC. v. Lambros, 353 Fed. App'x 379 (11th Cir. 2009). The Receiver's petition for writ of prohibition followed. See Floridian Cmty. Bank, Inc. v. Bloom, 25 So. 3d 43 (Fla. 4th DCA 2009) ("Prohibition lies where a petitioner has demonstrated that a trial court lacks subject matter jurisdiction over a lawsuit.").

## II. ANALYSIS

In seeking the petition for writ of prohibition, the Receiver claims that the trial court erred by denying the motion to dismiss the amended complaint because the "carrying on business" exception to the Barton doctrine does not apply to receivers appointed by state courts, and therefore, Cabrera was required to seek leave from the appointing court prior to filing suit against the Receiver. We agree.

In Barton, Barbour was appointed as the receiver of a railroad company. Id. at 126-27. While Barbour was acting as receiver, Barton was injured when he was aboard a railroad car. Id. at 127. Barton filed suit against the receiver, Barbour. Id. at 126. The Supreme Court of the United States held that "before suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained." Barton, 104 U.S. at 128.

6

The Barton doctrine has been recognized in Florida, see One S. Ocean Drive 2000, Ltd. v. One Ocean Boca, LLC, 182 So. 3d 872 (Fla. 4th DCA 2016), and "applies equally whether a state court appointed receiver is sued in state court . . . [or] in federal court." Patco Energy, 353 Fed. App'x at 381. Further, even when the receiver has been discharged, as in the instant case, leave from the court that had appointed the receiver must still be obtained to file suit against the receiver. See Murtha, 232 So. 2d at 55. The requesting party must demonstrate a prima facie case of liability before the appointing court may grant leave to file suit. Id.

An exception to the Barton doctrine—the "carrying on business" exception—which is currently set forth in section 959(a), was enacted six years after Barton. As the Third Circuit explained in In re VistaCare Group, LLC, 678 F.3d 218, 226 (3d Cir. 2012), it appears that section 959(a) was enacted in response to Justice Miller's dissent in Barton. The Third Circuit explained as follows:

> This provision, originally enacted in 1887, just six years after Barton, seems to have been in direct response to the concerns raised in Justice Miller's dissent in Barton. Criticizing the scope of the Court's holding, Justice Miller noted that the role of a receiver had expanded well beyond winding up the affairs of a defunct corporation and liquidating its assets, to in some situations, essentially running the company. Barton, 104 U.S. at 137-38 (Miller, J., dissenting). Justice Miller opined that it would be fundamentally unfair to require a party to obtain court permission to pursue claims against the receiver arising out of the receiver's operation of the business. Id. at 138. Such a system would render the everyday

7

operations of the corporation "exempt[ ] from the operation of common law" and deprive potential litigants of the right "to have their complaints tried by [a] jury or by the ordinary courts of justice." Id. Rather, a party's only remedy against the corporation would be in "the hands of . . . the court which appointed [the receiver]." Id.

(footnotes omitted; alterations in In re VistaCare Group); see also Fin. Indus. Ass'n v. Sec. & Exch. Comm'n, 2013 WL 11327681 (M.D. Fla. 2013) (explaining that the "'carrying on business' exception in section § 959(a) is intended to permit actions redressing torts committed in furtherance of the debtor's business, such as the common situation of a negligence claim in a slip and fall case where a bankruptcy trustee, for example, conducted a retail store") (emphasis omitted); Carter v. Rodgers, 220 F.3d 1249, 1254 (11th Cir. 2000) (same).

As stated above, the trial court relied on the Eleventh Circuit's opinion in Patco Energy, which involved a state court appointed receiver who was sued in federal court. Lambros—the state court appointed receiver—moved to dismiss the federal lawsuit for lack of subject matter jurisdiction. Patco Energy, 353 Fed. App'x at 380-81. The district court dismissed the case, and Patco Energy appealed to the Eleventh Circuit.

The Eleventh Circuit recognized that the Barton doctrine "applies equally whether a state court appointed receiver is sued in state court . . . [or] in federal court." Id. at 381. The Eleventh Circuit noted that Patco Energy's complaint did not allege that it sought leave of the state court to file suit against the receiver in

8

federal court, and therefore, unless an exception to the <u>Barton</u> doctrine applies, the case was properly dismissed for lack of subject matter jurisdiction. The Eleventh Circuit acknowledged the "carrying on business" exception set forth in section 959(a), and explained as follows:

> This exception contemplates actions redressing torts committed in furtherance of the debtor's business. For example, if a customer of a gas station operated by a receiver slips and falls while shopping and alleges the fall was caused by negligence attributable to the receiver, the customer could bring suit against the receiver without first seeking permission from the appointing court.

<u>Id.</u> at 381 (citations and quotation marks omitted). The Eleventh Circuit found that section 959(a) did not apply because "Patco's allegations arise from liquidation of gas station assets, not the operation of the gas stations." <u>Id.</u> Thus, the Eleventh Circuit affirmed the dismissal of the complaint filed against the state court appointed receiver. The Eleventh Circuit, however, did not explicitly address whether section 959(a) applies to state court appointed receivers.

This issue, however, was explicitly addressed by a federal district court in Minnesota in <u>Republic Bank of Chicago v. Lighthouse Management</u>, 829 F. Supp. 2d 766 (D. Minn. 2010), approximately seven months after <u>Patco Energy</u> was issued. In <u>Republic Bank</u>, the court held:

> **Section 959(a) applies to receivers appointed by federal courts**. See <u>S.E.C. v. Lincoln Thrift Ass'n</u>, 557 F.2d 1274, 1277 n.1 (9th Cir.1977) ("[I]t has been held that, absent statutory authorization, a federal receiver cannot be sued without leave of the court which

9

appointed him."). Republic cites no authority in support of its argument that § 959(a) applies to receivers appointed by state courts, and the Court determines that it does not. **Section 959(a) does not permit maintenance of this action against Lighthouse because Lighthouse was appointed by a state court.**

(emphasis added). Following Republic Bank, other courts have similarly held that section 959(a) applies only to receivers appointed by federal courts, not state courts. See Freeman v. Cty. of Orange, 2014 WL 12668679 (C.D. Cal. 2014) (concluding that 28 U.S.C. § 959(a) "has no application to a receiver appointed by a state court," and therefore, the Barton doctrine was applicable to the plaintiff's claims); In re Jefferson County, Alabama, 484 B.R. 427, 456-458 (Bankr. N.D. Ala. 2012); Republic Bank of Chi. v. Lighthouse Mgmt. Grp., Inc., 829 F. Supp. 2d 766 (D. Minn. 2010) (holding that section 959(a) only applies to receivers appointed by federal courts, not state courts).

Based on the above cited cases, we conclude that section 28 U.S.C. § 959(a) is not applicable to receivers appointed by state courts. In the instant case, as the Receiver was appointed by a state court, the exception to the Barton doctrine, 28 U.S.C. § 959(a), is not applicable. Therefore, pursuant to Barton, prior to filing suit, Cabrera was required to seek leave of court from the court that appointed the Receiver. Thus, we grant the petition for writ of prohibition, quash the order under review, and remand with instructions for the trial court in Case No. 16-31938 to enter an order granting the Receiver's motion to dismiss counts IV and V

10

of the amended complaint without prejudice to allow Cabrera to move to amend his complaint in an attempt to sufficiently allege that the acts or the omissions of the Receiver were outside the authority granted to him by the appointing court, or to seek leave to file the negligence action from the court that appointed the Receiver. Considine v. Murphy, 773 S.E.2d 176, 179 (Ga. 2015) ("In states like Georgia that treat the rule [set forth in Barton] as jurisdictional, the prior-leave requirement applies even to a separate lawsuit filed in the same court that appointed the receiver.").

Petition granted; order quashed; remanded with instructions.