# Third District Court of Appeal

## State of Florida

Opinion filed October 11, 2023.

_____

Nos. 3D23-0837 & 3D23-0838[1]
Lower Tribunal Nos. 22-55-P & 22-56-P

_____

**Megan K. Leben,**
Appellant,

vs.

**Rayme L. Suarez, etc.,**
Appellee.

Appeals from the Circuit Court for Monroe County, Luis Garcia, Judge.

Taylor English Duma LLP, and Christopher D. Cathey, for appellant.

Law Office of Jack Bridges., P.A., and Jack Bridges, for appellee.

Before EMAS, MILLER, and LOBREE, JJ.

MILLER, J.

_____

[1] We sua sponte consolidate these two appeals.

In these consolidated appeals, appellant, a relative of the ward, challenges a series of orders rendered in companion mental health and incapacity cases after appellee, the guardian, filed a motion to compel the sale of certain real property located in Lighthouse Point, Broward County, Florida.[2]  As relevant here, the orders direct appellant to correct the deed, require appellee to list the property with a specified agent within a time certain, and provide that all sale proceeds shall be deposited in a previously established brokerage account and used for the care and maintenance of the ward.  Based upon the guardian's commendable confession of error, along with our own independent review of the record, we find that asserted jurisdictional defects concerning the lack of service of process and unauthorized exercise of in rem jurisdiction are fatal to the orders under review.  See Baraban v. Sussman, 439 So. 2d 1046, 1047 (Fla. 4th DCA 1983) (reversing and remanding to "quash the service of process" when service was insufficient because "strict compliance with service of process procedures is required"); see also State, Dept. of Nat. Res. v. Antioch Univ., 533 So. 2d 869, 872 (Fla. 1st DCA 1988) ("[W]here the cause of action is in rem, the court has subject-matter jurisdiction only if it has both jurisdictional power to adjudicate the class of cases to which the cause belongs *and*

---

[2] We have jurisdiction.  See Fla. R. App. P. 9.130(a)(3)(C)(i).

jurisdictional authority over the land which is the subject matter of the controversy.").  Accordingly, we reverse and remand.

Reversed and remanded.