DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

LINDA L. SHAFFER,

Appellant,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY,
AS INDENTURE TRUSTEE FOR AMERICAN HOME MORTGAGE
INVESTMENT TRUST 2006-1,

Appellee.

No. 2D2024-2310
_____

July 18, 2025

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for
Manatee County; Edward Nicholas, Judge.

David W. Smith of Law Office of David W. Smith, Sarasota, for Appellant.

Matthew R. Feluren and Eve A. Cann of Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC, Fort Lauderdale, for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

In this foreclosure case brought by Deutsche Bank National Trust
Company, Linda Shaffer appeals the trial court's grant of Deutsche
Bank's motion to dismiss count three of her counterclaim on behalf of a
putative class. Count three seeks a declaration that Deutsche Bank
cannot enforce the underlying loan documents against Shaffer because it
previously issued her an Internal Revenue Service Form 1099-C
indicating that the loan had been discharged. Count three also seeks

that same relief on behalf of other persons similarly situated to Shaffer. The court denied Deutsche Bank's motion to dismiss count three on behalf of Shaffer individually but dismissed that count on behalf of the putative class without any written findings or conclusions.

In dismissing count three solely on behalf of the putative class, the trial court "effectively denied class certification as a matter of law." *See Cabrera v. U.S. Bank Nat'l Ass'n*, 281 So. 3d 516, 519 (Fla. 4th DCA 2019) (explaining that after the borrower moved to amend his answer to assert class action compulsory counterclaims and "the trial court denied the class action component only while leaving intact [the] compulsory counterclaims[,] . . . the order effectively denied class action certification as a matter of law").[1]  And having done so, the court erred in failing to make the requisite findings and conclusions under Florida Rule of Civil Procedure 1.220(d)(1).  *See* Fla. R. Civ. P. 1.220(d)(1) ("Irrespective of whether the court determines that the claim or defense is maintainable on behalf of a class, the order [so determining] shall separately state the findings of fact and conclusions of law upon which the determination is based."); *see also Cabrera*, 281 So. 3d at 521 (observing that "[rule 1.220] requires a trial court to make findings of fact and conclusions of law supporting its ruling to either certify a class or deny certification" and

---

[1] Although we have jurisdiction over this appeal to the extent that the trial court's order effectively denied class certification on count three, *see* Fla. R. App. P. 9.130(a)(3)(C)(vi) (permitting appeal of orders determining "whether to certify a class"), we lack jurisdiction at this stage to determine whether that count states a cause of action, and our opinion should not be construed as taking a position on that issue, *see Samples v. Hernando Taxpayers Ass'n*, 682 So. 2d 184, 185 (Fla. 5th DCA 1996) (holding that "the issue of whether the trial court erred in failing to dismiss the complaint for failure to state a cause of action is not properly before this court" and limiting review instead to class certification).

reversing because "[t]he trial court truncated this review by denying the motion to amend").[2]  We therefore reverse and remand for the court to make those findings and conclusions.

Reversed and remanded.

VILLANTI and MOE, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

---

[2] Deutsche Bank contends that the trial court was not required to set forth its findings and conclusions because Shaffer's count three asserts a permissive counterclaim rather than a compulsory one.  As an initial matter, count three is doubtless compulsory:  if Shaffer is right about the consequences of the 1099-C issued to her (again, about which we express no view), Deutsche Bank will be unable to enforce the loan documents against her.  *Cf. Cabrera*, 281 So. 3d at 520 (determining that a counterclaim alleging that the foreclosing bank had improperly added fees and costs from a prior unsuccessful foreclosure action to the amount due on the loan was compulsory because it involved the "same aggregate of operative facts" (quoting *Londono v. Turkey Creek, Inc.*, 609 So. 2d 14, 20 (Fla. 1992))); *Ocean Bank v. Dep't of Fin. Servs.*, 902 So. 2d 833, 835 (Fla. 1st DCA 2005) (holding that a claim to void a mortgage was a compulsory counterclaim in a foreclosure action).  But in any event, rule 1.220(d)(1) makes no such distinction, and although the cases on which the parties rely involve compulsory counterclaims, those cases do not suggest that the nature of those counterclaims dictates whether the court must follow the rule.