CROSS, Chief Judge.
Plaintiffs-appellants, William H. Murtha and Dorothy Murtha, his wife, individually and as stockholders on behalf of Tahiti Lounge, Inc., a Florida corporation, appeal a final order entered in favor of the defendant, Jerry L. Steijskal, dismissing plaintiffs’ complaint with prejudice in a cause of action against the defendant, a receiver. We reverse.
Omitting those parts of plaintiffs’ complaint which are formal and superfluous, the complaint alleges the following. For some time prior to 1965 the plaintiffs and another party were associated in business as stockholders in the operation of a liquor lounge located in Boca Raton, Florida, owned by Tahiti Lounge, Inc. Difficulties arose between the parties which resulted in the appointment of the defendant, Jerry L. Steijskal, as receiver for the corporation, Tahiti Lounge, Inc. The receiver filed bond and was obligated to and did agree to operate the affairs of the corporation in a proper legal fashion and in the best interests of those connected with the corporation as stockholders. Notwithstanding these obligations, it is asserted that the defendant failed to comply with the order of appointment in that he caused unnecessary delay in the orderly liquidation of corporate assets to as to cause the corporate entity to become obligated for and to pay its landlord an excessive amount of rent to the damage of the corporation in the sum of $5,000. It is further asserted that the defendant failed to timely file and prosecute a claim for loss sustained by the corporation covered by a policy of insurance, to the damage of the corporation in excess of $1,000, and failed to diligently enforce the collection of sums due to the corporation to its damage in excess of $600. The complaint alleges that the defendant improperly administered the estate so as to cause William H. Murtha to engage independent counsel to protect his rights and the rights of other stockholders to his damage in excess of $1500, and failed to enforce the rights of the corporation with respect to a defaulted sale of corporate assets to the damage of the corporation in excess of $4500. Finally, it is asserted that the defendant failed to timely file his final accounting as receiver and when the final accounting was filed it was improper, causing William H. Murtha to engage independent counsel to compel, firstly, an accounting; secondly, to compel a proper accounting; and thirdly, to compel defendant’s appearance at hearings connected therewith and to become obligated to pay such counsel a sum in excess of $1500. Plaintiffs demanded judgment against the defendant, and demanded interests and costs of the action.
The defendant-receiver, Jerry L. Steij-skal, moved to dismiss the complaint, asserting in essence the following: that the instant litigation arises out of that certain action referred to in paragraph three of the complaint which was a suit styled, “William H. Murtha and Dorothy Murtha, his wife, vs. E. S. Garrett, being Case No. 65C1316-B in chancery, which case resulted in the appointment of the defendant as receiver for the corporation; that the actions of the defendant as receiver were as a representative of the court and he was in actuality an arm of the court; that the actions of the receiver were not alleged to have been fraudulently or negligently performed and the plaintiffs in this action are endeavoring to re-litigate the identical issues which were raised in the original suit, which matters were thoroughly gone into by the court and for which services the defendant waived his entire fee. Finally, the defendant asserted that the suit was brought without leave of court and is improper in that if any delinquencies occurred in the original receivership the court had ample remedies available to see that the receiver carry out the mandate of the court, and that this action is not a proper remedy available to the plaintiffs. The defendant prayed that the complaint be dismissed for failure to state a cause of action, and that all costs incurred by the defendant, including a reasonable attorney’s fee, both for this action and for the *55 services rendered by the receiver in the original action, be assessed against the plaintiffs.
The court on hearing defendant’s motion to dismiss, dismissed the complaint with prejudice, stating that the matters sought to be litigated in the complaint were previously litigated, either directly or indirectly in a case now terminated, which was styled William H. Murtha and Dorothy Murtha, his wife, vs. E. S. Garrett, Case No. 65C1316-B. This appeal followed.
The plaintiffs raise a sole question on appeal, asserting that the court was in error in dismissing the complaint with prejudice on the ground that the issues had been litigated in another case when (1) the parties were different, and (2) the prior record was not included. The appellee counters this argument, asserting that the basis for his motion to dismiss was not that of prior litigation, but rather that the defendant in the instant action had been appointed a receiver by the very same trial court and that the proper forum for plaintiffs’ complaint was in a receivership action rather than in this separate action; that the suit was improper in that it was brought without leave of court.
The custody of property by the court through its receiver is the custody of the sovereign power or government acting through the courts, possession by the court of the res gives jurisdiction over the res to the court appointing the receiver and gives such court power to determine all questions concerning the ownership and disposition of the property. White v. Ewing, 1894, 159 U.S. 36, 15 S.Ct. 1018, 40 L.Ed. 67. No other court can interfere with the possession of the res. The general rule of law, therefore, naturally flows that a receiver as an officer of the court cannot in absence of an enabling statute be sued without leave of the court appointing him. However, when a receiver steps outside the authority granted by the court or does things in a personal capacity and not as a receiver, the receiver cannot claim the protection of the court. Thus, if the receiver steps outside the authority and acts or contracts or is guilty of misfeasance or negligence, the receiver can be sued as an individual and leave of court is not necessary. Brooke v. Kettler, 1910, 166 Ala. 76, 51 So. 940; 2 Clarke on Receivers, 3d ed. § 519(c).
In the instant case the plaintiffs’ lack of obtaining consent of the court to this action against a receiver required the entry of an order in favor of the defendant-receiver. However, such order initially should not have been with prejudice and bar any claim plaintiffs may have against the receiver. It is possible that the court appointing the receiver might consent to such a suit, or upon proper amendment to complaint the plaintiffs may sufficiently allege that the acts or the omissions of the receiver were outside the authority granted to him by the court.
Accordingly, the words “with prejudice” in the order appealed herein are stricken therefrom, and the cause is remanded with directions that leave be granted the plaintiffs to amend the complaint if they so desire.
Reversed and remanded, with directions.
McCAIN and REED, JJ., concur.