In the Matter of PROPERTY MANAGEMENT & INVESTMENT, Debtor.

**PROPERTY MANAGEMENT & INVESTMENT, Plaintiff,**

v.

**Thomas SPENCER, et al., Defendants.**

**Bankruptcy No. 81–2307.**
**Adv. No. 81–633.**

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

April 27, 1982.

Jawdett I. Rubaii, Clearwater, Fla., for debtor/plaintiff.

John K. Olson, Tampa, Fla., for Thomas R. Spencer.

Edward Waller, Tampa, Fla., for Ellen Fowler and Johnson, Blakely, Pope, et al.

Albert T. Gimbel, Asst. Gen. Counsel, Tallahassee, Fla., for Gerald Lewis, Michael Gross, Michael Winn & Edward Bakos.

## ORDER ON PRETRIAL CONFERENCE

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS IS a Chapter 11 case under the Code and the matter under consideration is an adversary proceeding commenced by Property Management & Investment (PMI).

The complaint as amended sets forth five Counts. In Count I, PMI sues Ellen Fowler and charges that Ellen Fowler, a practicing attorney, was negligent in performance of her services by failing to advise PMI of certain matters of significance and as a result, PMI sustained damages. Therefore, PMI demands a money judgment against Ellen Fowler.

In Count II, PMI sets forth a claim charging the law firm of Johnson, Blakely, Pope, Bokor & Ruppel, P.A. (the Law Firm) and realleges that the Defendant, Ellen Fowler, was an associate of the Law Firm and at all times acted on behalf of the Law Firm and, therefore, the Law Firm shall be held liable for the negligent performance of Ellen Fowler. In this Count, PMI seeks money judgment against the Law Firm for the damages which it allegedly suffered as a result of a negligent performance by the Defendant, Ellen Fowler.

The claim set forth in Count III is based on 42 U.S.C. § 1983 (Civil Rights Act) and charges that the Defendant, Gerald A. Lewis acting in conjunction with Michael A. Gross, Michael Winn and Edward Kim Bakos, acting under colour of state law, deprived PMI of rights, secured by the Constitution and the laws of the United States. PMI also seeks a money judgment against the Defendants named in this Court jointly and severally and seeks costs and attorney fees. In addition, PMI also seeks injunctive relief restraining any further interference by the Defendants named in this Court with the business activities of PMI.

Count IV names the same Defendants as they appear in Count III and charges that the Defendants wrongfully obtained the imposition of the receivership by a state court to the detriment of PMI and as a result of which, PMI suffered loss of its business reputation, profits and income. PMI seeks money judgment against the Defendants jointly and severally in this Count.

The claim set forth in Count V of the complaint is against Thomas R. Spencer, the Receiver appointed by the State Court and charges that the Receiver presented numerous false reports to the State Court before and after his appointment; failed to truthfully perform his duties; and as a result of the misrepresentations and omissions PMI suffered damages including loss of profits, loss of reputation and the cost of Receivership. PMI seeks money judgment against the Receiver for the alleged damages it suffered.

Counts I and II of the complaint are attacked by counsel for Ellen Fowler and counsel for the Law Firm by a Motion to Dismiss. The Defendants contend that the complaint fails to state a claim for which relief can be granted because the alleged failure of Ellen Fowler to advise PMI properly had no casual connection with the ultimate imposition of the Receivership. Counsel also urges that the pleading is defective because it sets forth two inconsistent premises. In the first, PMI contends that the mortgages sold by PMI were securities subject to the securities regulations of the

State of Florida, Fla.Stat. Ch. 517, in the second, if they were, they were securities exempt from regulation by the State.

The Court heard argument of counsel for Ellen Fowler and the Law Firm and response by PMI and is satisfied that the Motion is not well taken and the claims set forth in Counts I and II do set forth a claim for which relief could be granted; therefore, the Motion to Dismiss addressed to Counts I and II shall be denied.

■■■ In Count V, it is important to consider first PMI's right to sue the Receiver without leave of Court. It is well to state at the outset that the Receiver can neither sue nor be sued without the consent of the court which appointed him. 27 Fla. Jur. *Receivers*, ¶ 52 at page 638. While this generally correctly states the law, there is a well recognized exception which is applicable if the Receiver acted outside of the scope of his authority or when the wrongful conduct was committed by him in his personal capacity as distinguished from his capacity as a Receiver. Relying on this exception, PMI contends that the case of *Murtha v. Steijskal*, 232 So.2d 53 (Fla. 4th DCA 1970), governs the present situation and PMI is not required to obtain the leave from the state court before he can sue the receiver. The reliance of PMI on the holding in *Murtha, supra* is misplaced and furnishes scant, if any, support for the proposition urged by PMI. In *Murtha, supra* the complaint alleged that the Receiver improperly administered the estate, failed to enforce the rights of the corporation, failed to timely file his final accounting and when that was ultimately filed, his final accounting was improper. The Fourth District Court of Appeals in *Murtha, supra* held that no action can be brought against the Receiver without leave of the court which appointed the receiver because the wrongful conduct charged was committed by the receiver in performing his duties as receiver. Applying the rationale of *Murtha, supra* to the case at bar, it is clear that *Murtha, supra*, rather than supporting the position of PMI, speaks strongly in favor of the contention of the Receiver that he can-

not be sued without leave of court. All the allegations set forth in Count V of the complaint relate to its alleged negligent performance of the duties of the Receiver. There is no allegation that he acted outside of his scope of authority or that he acted in his personal capacity. Thus, just like in the case of *Dunscombe v. Loftin*, 154 F.2d 963 (5th Cir. 1946), the Receiver in the instance case is only charged with the negligent performance of his duties and, therefore, cannot be sued without leave of court which appointed him.

■■ The legal sufficiency of the allegations set forth in Count V are also challenged by the Receiver on the ground that the pleading lacks the specifics to plead fraud required by FRCP 9 as adopted by Bankruptcy Rule 709. PMI charges in Count V that the Receiver made numerous representations which were not true, but PMI fails to identify what those representations were and in what respect they were fraudulent. PMI also charges in Count V that the Receiver failed to reveal and omitted certain material facts, but again fails to identify which facts were omitted and to what extent they were material. To overcome the obvious deficiency of Count V, PMI contends that Count V does not really attempt to set forth a claim based on fraud, but a claim for violation of 42 U.S.C. § 1983 (Civil Rights Act). It is clear that there is not a single allegation in Count V which even remotely resembles a charge of Civil Rights violation. While it is true that Count V incorporates by reference the allegations set forth in paragraphs 1 through 23 and paragraphs 17 through 23 appearing in Count II and Count III purport to set forth a claim based on 42 U.S.C. § 1983, nowhere is there a charge in these paragraphs that the Defendant, Thomas R. Spencer, committed any of the acts allegedly constituting civil rights violations, nor is the Receiver named as a defendant in those Counts.

None of the Defendants named in Count III and Count IV appeared although they had received a notice of the hearing. Subsequent to the conclusion of the hearing,

this Court was notified by counsel that he inadvertently overlooked the notification on the Summons that all pending motions will be held on the date indicated and they now seek a continuance.

In light of the ruling on the motions which were heard, this Court is satisfied that the rescheduling of the Motion filed by the Defendants, named in Count III and Count IV would not prejudice PMI or any other party.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Dismiss Counts I and II filed by counsel for Ellen Fowler and the law firm of Johnson, Blakely, Pope, Bokor and Ruppel, P.A. be, and the same hereby is, denied and said Defendants shall, within 15 days from the date of entry of this Order, file their Answer to said Counts. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion to Dismiss or for More Definite Statement filed by Gerald A. Lewis, Michael A. Gross, Michael Winn and Edward Kim Bakos be, and the same hereby is, deferred to be held at the rescheduled hearing. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion to Dismiss the claim by Thomas R. Spencer be, and the same hereby is, granted and said count is dismissed without prejudice and PMI shall seek and obtain leave from the State Court to proceed with the action against the State Court Receiver within 20 days from the date of entry of this Order and in the event PMI is unable to obtain such a consent, Count V of the complaint against the Receiver shall stand as dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DE-CREED that in the event PMI is able to obtain such a consent, it shall file an amended complaint by pleading with particularity the facts upon which a claim against Thomas R. Spencer is based.