**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Connecticut Savings Bank**

v.

**J.D.L. ASSOCIATES, et al.**

**Civ. No. 3:93CV1853 (AHN).**

United States District Court, D. Connecticut.

Oct. 18, 1994.

---

**5.** *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).

Kathryn Fabiani, Fabiani and Kone, P.C., New Haven, CT, for F.D.I.C.

Richard Weinstein, Weinstein and Wisser, P.C., West Hartford, CT, for J.D.L. Associates, Robert L. Farrelly, Faridoon Khan and Elizabeth F. Jordan.

NEVAS, District Judge.

After review and over objection, the Magistrate Judge's Recommended Ruling is approved, adopted and ratified.

SO ORDERED.

### RECOMMENDED RULING ON MOTION FOR PERMISSION TO SUE RECEIVER (# 32)

EAGAN, United States Magistrate Judge.

*Background*

The Federal Deposit Insurance Corporation, as Receiver of Connecticut Savings Bank (hereinafter "FDIC"), has brought this action to foreclose mortgages on eleven of twelve individual condominium units located on Howe Street in New Haven, Connecticut.

On September 13, 1993, the FDIC filed an application for appointment of a receiver. On November 8, 1993, the parties filed a Stipulation and Agreement (# 10) which stated, *inter alia,* that the defendants "hereby waive any objection to the Application and agrees to the appointment by this Court of Dakis Property Management as rent receiver" and that they had "reviewed the proposed Order Appointment Rent Receiver ... ha[d] no objection to the entry of an order by this Court in the form of the Proposed Order...."

Accordingly, on November 9, 1993, this Court used the Proposed Order to appoint Dakis Property Management (hereinafter "Dakis") as rent receiver, for the eleven units. Pursuant to Exhibit A of the Order, "the Property" is defined as consisting of "Units 131A, 131B, 131C, 131D, 133A, 133B, 133C, 135A, 135B, 135C and 135D...." Under the Order, Dakis is authorized to:

(a) act as the managing agent of the Property with respect to its ongoing operations, including without limitation to let and relet the Property, or any portions thereof, as deemed necessary or desirable by Dakis upon terms and conditions determined by Dakis in its sole discretion; and

.     .     .     .     .

(d) pay all costs and expenses relating to the operation, maintenance and repair of the Property deemed necessary by Dakis, in its sole discretion, including, without limitation, the reasonable costs of the services of Dakis, payments for taxes, water and sewer use charges, and charges for snow plowing and refuse removal....

After the appointment, it became clear that Dakis was experiencing problems with collecting rents and otherwise managing the eleven units. As an inner-city property, the Howe Street units require an owner to exercise vigilance in finding paying tenants and in maintaining the premises' clean, safe appearance.

On May 11, 1994, Dakis filed a Motion for Advice (# 28) in which it represented that it was unable to pay debts associated with the premises because it had several tenants un-

der eviction and otherwise was receiving insufficient rental income. On June 6, 1994, the Court responded:

> The receiver should consult with the plaintiff [FDIC] and the plaintiff's attorney as to whether or not the receivership should be terminated. The receiver should not incur any more bills that cannot be covered by the rent payments. It is suggested that the plaintiff contribute the difference until the receivership is on an even keel or is terminated.

*See* Endorsement on Docket # 28.

On June 16, 1994, defendant J.D.L. Associates (hereinafter "JDL") filed the pending Motion for Permission to Sue Receiver. According to JDL, "[a] recent inspection of the subject property reveals that the receiver has failed and neglected in regard to the discharge of its responsibilities." At a hearing held on July 6, 1994, JDL elaborated upon this allegation. JDL indicated that the condition of the subject property demonstrates that Dakis has been negligent in the discharge of its duties, thereby resulting in a diminution of the property's value and requiring an estimated $30,000 in rehabilitation costs.

JDL presented evidence of accumulation of debris in condominium common areas, broken windows and doors throughout the complex, and units which are empty or occupied by non-paying tenants. In addition, JDL argued that the receiver's failure to adequately manage the property's common areas has adversely affected its ability to rent vacant units. In particular, at the time of the hearing, only one unit occupant was paying rent.

In response, the receiver argued that, as a rent receiver, it only had responsibility over the interior of eleven of the twelve condominium units at Howe Street and therefore had no specific obligation under the Court's Order to attend to the common areas. Moreover, Dakis notes that it was not appointed receiver of the condominium association, which consists of the owners of its eleven units and the one independently-owned unit. The receiver further indicated that, at the time of its appointment, it inherited some of the problems about which JDL complains, including non-paying tenants and outstanding water and sewer bills.

## Discussion

"It is well established that, when a receiver is appointed in a foreclosure action to take charge of property, he holds it as an arm of the court." *Hartford Federal Savings & Loan Association v. Tucker*, 13 Conn. App. 239, 243, 536 A.2d 962 (1988) (quotations and citations omitted); *accord In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993). Ordinarily, a receiver cannot be sued without leave of the Court in which he was appointed. *See, e.g., Hartford Federal Savings v. Tucker*, 13 Conn.App. at 244, 536 A.2d 962; *but see* 28 U.S.C. § 959(a) (Receivers "may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property.") *and In re DeLorean Motor Co.*, 991 F.2d at 1241 (Merely collecting, taking steps to preserve, or holding assets does not constitute "carrying on business" under § 959(a)).

Before such permission may be granted, the petitioner must establish facts which, if proven, would clearly demonstrate an entitlement to relief against the receiver. *See Moeller v. Goffin*, 1 Conn.Supp. 85 (1935). Courts which have addressed the issue have determined that permission to sue is properly granted only if a party can show that the receiver has acted beyond his judicially-granted authority. *See, e.g., FDIC v. Bernstein*, 786 F.Supp. 170, 181 (E.D.N.Y. 1992); *Hartford Federal Savings v. Tucker*, 13 Conn.App. at 244, 536 A.2d 962. In fact, some courts have suggested that, like other judicial officers, receivers are entitled to absolute derivative judicial immunity. *See New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298, 1303 (9th Cir.1989); *Kermit Construction Corp. v. Banco Credito Y Ahorro Ponceno*, 547 F.2d 1, 3 (1st Cir.1976); *Bradford Audio Corporation v. Pious*, 392 F.2d 67, 73 (2d Cir.1968). Because receivers are entitled to protection against unnecessary and oppressive litigation, "consent to sue will not be granted where the receiver has kept clearly within the scope of his authority and

acted wholly under the direction of the court." *Hartford Federal Savings & Loan Association v. Tucker,* 196 Conn. 172, 178, 491 A.2d 1084, *cert. denied,* 474 U.S. 920, 106 S.Ct. 250, 88 L.Ed.2d 258 (1985).

JDL has not demonstrated clear entitlement to relief against Dakis. JDL consented to Dakis' appointment. JDL specifically reviewed and approved of the appointment order utilized by this Court. Dakis' argument that the appointment order provided it with no responsibility for maintaining common areas is dubious; however, the order itself is somewhat vague on the extent of its responsibility to maintain those areas in that it does not unequivocally require Dakis to assume the duties of the condominium association. Moreover, there is no allegation that Dakis acted outside the scope of its authority or that it acted in an unauthorized, personal capacity. Because JDL only charges Dakis with the negligent performance of its duties, this Court will not grant leave to sue. *See Matter of Property Management & Investment,* 20 B.R. 319, 321 (Bankr.M.D.Fla.1982); *see also Hartford Federal v. Tucker,* 196 Conn. at 178, 536 A.2d 962 (If receiver neglects his duties, the proper procedure is to petition the court for his removal.)

### Conclusion

JDL's Motion for Permission to Sue Receiver (# 32) is DENIED.

Any objection to this report and recommendation must be filed with the Clerk of Courts within ten (10) days of the receipt of this recommended ruling. Failure to object to this report and recommendation within ten (10) days will preclude appellate review. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 2 of the Local Rules for United States Magistrates; *Small v. Secretary of HHS,* 892 F.2d 15, 16 (2d Cir.1989).

Dated at Hartford, Connecticut, this 26th day of July, 1994.