DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ONE SOUTH OCEAN DRIVE 2000, LTD.,** a Florida limited partnership
and **ONE OCEAN PLAZA 2001, LTD.,** a Florida limited partnership,
Appellants,

v.

**ONE OCEAN BOCA, LLC,** a Florida limited liability company,
Appellee.

No. 4D14-2918

[January 6, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Meenu Sasser, Judge; L.T. Case No. 2011CA010618XXXXA.

Michael J. Pike, Daniel Lustig, and Michelle Nichols DeLong of Pike & Lustig, LLP, West Palm Beach, for appellants.

Bradley S. Shraiberg and Lenore M. Rosetto Parr of Shraiberg, Ferrara & Landau, P.A., Boca Raton, for appellee.

WARNER, J.

One South Ocean Drive, 2000, Ltd., appeals an order denying its motion requesting leave to file a lawsuit against Kenneth A. Welt, the receiver appointed during a foreclosure proceeding of One South's commercial property. The trial court denied One South leave to file suit against the receiver because it concluded that the receiver already had been discharged and released from further liability through an agreed order entered in the foreclosure proceedings. We reverse, concluding that the order did not release the receiver with regard to actions that could be construed as a breach of fiduciary duty.

A bank filed a commercial foreclosure action against One South. During the foreclosure proceedings, the trial court entered an agreed order appointing the receiver to collect rents and manage the properties. As part of his duties, the receiver was authorized to market the commercial property for lease to third parties upon the approval of the bank and owner, or upon court order. The receiver filed a bond in the amount of

$75,000, and took possession and control of the property. Subsequently, the receiver entered into five lease agreements for which he did not obtain either approval from the bank and owner or a court order. His monthly statement of services, however, did mention the lease negotiation.

The bank obtained a final judgment of foreclosure, which was subsequently assigned to One Ocean Boca, LLC, who was substituted as the plaintiff in the suit. One South then entered into a purchase and sale agreement with a third party, who agreed to pay One South $2,000,000 plus the outstanding sum owed on the foreclosure judgment.

The plaintiff — One Ocean Boca, LLC — and defendant — One South — filed a Joint Motion to Discharge Receiver, seeking the removal of the receiver and for One Ocean Boca, LLC, to become the new manager of the property. The trial court entered an Agreed Order Terminating Receivership and Discharging Receiver ("Agreed Discharge Order") on August 21, 2012. The Agreed Discharge Order specified that the receiver was discharged, his bond was discharged, and "[t]he Receiver and the surety thereunder are relieved of any further liability, duties, and responsibilities as Receiver[.]"

One South claims to have discovered the execution of the leases by the receiver in September 2012. Because of their terms and the effect on the income potential of the commercial building, the value of the property was significantly reduced. The purchaser ended up paying One South only $1,200,000 above the foreclosure amount.

Twenty months later, One South filed a motion requesting leave to file suit against the receiver. It argued that it had a prima facie case for negligence, breach of fiduciary duty, and unjust enrichment against the receiver for entering into lease agreements without the approval of the parties or the court. The receiver responded that the Agreed Discharge Order was a general release, and thus no action could be filed against him. Moreover, because One South was essentially seeking to set aside the agreed order, such action was untimely under Florida Rule of Civil Procedure 1.540(b). After a full hearing, the trial court denied the motion seeking leave to file suit against the receiver, holding that the terms of the Agreed Discharge Order relieved the receiver from further liability. The court held that since more than one year had passed since the entry of the Agreed Discharge Order, One South was precluded from seeking relief under Rule 1.540(b). One South appeals.

Where a receiver has been appointed, the general rule is that leave of the appointing court must be obtained before an action can be brought

against the receiver. This is called the *Barton* Doctrine. *Barton v. Barbour*, 104 U.S. 126, 127 (1881). This doctrine is recognized in Florida. *See, e.g.*, *Murtha v. Steijskal*, 232 So. 2d 53, 55 (Fla. 4th DCA 1970). Even where a receiver or trustee has been discharged, leave of court must be obtained to file suit. *See In re Kashani*, 190 B.R. 875, 885 (B.A.P. 9th Cir. 1995). To obtain authorization to file suit, the requesting party must demonstrate a prima facie case of liability before leave will be granted. *Id.*

The trial court concluded that leave should not be granted in this case because the Agreed Discharge Order relieved the receiver of further liability. One South objects to the finding that the Agreed Discharge Order constituted a general release. It argues that the Agreed Discharge Order's reference to "further liability as Receiver" refers to future liability, meaning that from the time the Agreed Discharge Order was entered, going forward, the receiver cannot incur any liability. The receiver argues that interpreting the word "further" to mean future would render the Agreed Discharge Order meaningless; the receiver will never have future liability since he was discharged and is no longer in possession of the property.

Under Florida law, "the intent of the parties controls interpretations of their releases." *Rosen v. Fla. Ins. Guar. Ass'n*, 802 So. 2d 291, 295 (Fla. 2001) (quoting *Auto-Owners Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 547 So. 2d 148, 150 (Fla. 2d DCA 1989)). Where the terms are unambiguous, "the court is bound by the plain meaning of those terms." *Landmark Am. Ins. Co. v. Pin-Pon Corp.*, 155 So. 3d 432, 437 (Fla. 4th DCA 2015). Although we are construing a court order, it was an agreed order, and we conclude that these principles apply.

We liken the discharge of a receiver to the discharge of a trustee in bankruptcy. Such a discharge recognizes that the trustee has completed the administration of the estate. *In Re NSCO, Inc.*, 427 B.R. 165, 182 (Bankr. D. Mass. 2010). Even where the administration is complete, however, a trustee subsequently may be held liable for a potential breach of his fiduciary duty while administering the estate. *Id.* In Florida, a receiver has immunity, unless the receiver steps out of the authority granted:

> [W]hen a receiver steps outside the authority granted by the court or does things in a personal capacity and not as a receiver, the receiver cannot claim the protection of the court. Thus, if the receiver steps outside the authority and acts or contracts or is guilty of misfeasance or negligence, the receiver can be sued as an individual . . . .

3

*Murtha*, 232 So. 2d at 55. Thus, a receiver may have individual liability even after discharge.

Here, the agreed order discharging the receiver also relieved him of "further liability, duties, and responsibilities *as Receiver*." (Emphasis added). The plain meaning of this phrase within the agreed order is that from that point forward, the receiver no longer had to act as a receiver and was relieved from the duties, responsibilities, and liability of acting as a receiver. There is no mention of a release of *individual* liability for a breach of fiduciary duty, fraud, or misfeasance. Thus, a suit against the receiver in his individual capacity for his malfeasance as receiver does not fall within the Agreed Discharge Order.

This may be compared to a release such as was found in *In re W.B. Care Center, LLC.,* 497 B.R. 604 (Bankr. S.D. Fla. 2013), which was entered into because of threats involved in bankruptcy and related proceedings against the accountants for the debtor. There, the release[1] stated that:

> Heller and accountants are forever released from all liability, including but not limited to all manor [sic] of actions, claims, causes of action, suits, obligations, liabilities, damages, debts, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, expenses, compensation, attorneys' fees, court costs, and other costs, judgments, executions, demands, and every other claim of any kind, either at law or in equity, either direct or indirect, secondary or primary, and all consequences thereof, regardless of whether such claims are known or unknown, foreseen or unforeseen, in existence currently or not yet accrued, which any entity or individual ever had, now has, hereafter can, shall, or may have against Heller and accountants for any action Heller undertook in his role as the debtor's sole representative.

In comparison to this language, we can readily agree that the language in the Agreed Discharge Order does not act as a general release of the receiver individually.

We also conclude that the request for leave to file a suit is not time-barred by rule 1.540(b). Because of our construction of the Agreed

---

[1] The release was read into the record in the present case during the hearing on the *Barton* motion.

Discharge Order, One South was not requesting to be relieved of the effects of the order — the order did not cover the action it sought to bring. Thus, rule 1.540(b) did not apply. As with a trustee, a post-discharge breach of fiduciary action may be brought at any time until the statute of limitations has run. *See In re NSCO*, 427 B.R. at 182.

The receiver also argues other reasons as to why the denial of the motion should be upheld, not the least of which is his claim that One South knew of the leases and had the opportunity to object to them but failed to do so. The trial court did not decide these issues but ruled that, as a matter of law, the Agreed Discharge Order released the receiver from further liability. We therefore do not address these issues, but leave them for further proceedings on remand.

For the foregoing reasons, we reverse the order of the trial court denying leave to file a suit against the receiver and remand for further proceedings.

CONNER, J., and LEVEY COHEN, MARDI, Associate Judge, concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***