# Third District Court of Appeal

## State of Florida

Opinion filed July 11, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1652
Lower Tribunal No. 15-2026
_____


**Edwidge Marie Desulme,**
Appellant,

vs.

**Miguel Rueda, etc., et al.,**
Appellees.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Edwidge Marie Desulme, in proper person.

Law Offices of Douglas J. Jeffrey, P.A., and Douglas J. Jeffrey; American Justice, P.A., and Theresa B. Edwards (Fort Lauderdale), for appellee Miguel Rueda.


Before ROTHENBERG, C.J., and LOGUE and SCALES, JJ.

LOGUE, J.

Edwidge Marie Desulme appeals an order dismissing her complaint against a receiver without prejudice to her seeking leave in the case establishing the receivership to sue the receiver. We affirm.

Desulme owns a unit in a distressed condominium that is subject to a court-ordered receivership. In Re Petition of Countryside Village Condo. Ass'n, Inc., Case no. 2010-61776 CA 32 (Fla. 11th Cir. April 13, 2011). She alleges that the receiver took possession of her unit, displaced her tenant, altered or repaired the unit without her consent, and collected higher rents from a new tenant. Although she agreed at one point to have the rent from the unit pay her long-standing arrears in condominium assessments, Desulme ultimately sued the receiver, tenant, association, and management company for forcible entry, unlawful detainer, ejectment, and trespass. Among other things, she seeks double the rental value and punitive damages.

In the decision under review, the trial court granted the receiver's motion to dismiss. The dismissal was without prejudice to Desulme seeking leave in the case establishing the receivership to sue the receiver. The dismissal also specified that the court "has not yet taken evidence or heard whether the receiver has stepped outside the ambit of the court order appointing him or done an act for personal or private gain not in furtherance of the receivership which might subject him to

2

personal liability. This Court defers on this issue until it hears the Defendant's motion for leave to file separate action."

In dismissing the case without prejudice in this manner, the trial court properly applied the Barton doctrine, which requires that "before suit is brought against a receiver leave of the court by which he was appointed must be obtained." Barton v. Barbour, 104 U.S. 126, 128 (1881). Florida recognizes this doctrine. See Asset Recovery Group, LLC v. Cabrera, 233 So. 3d 1173, 1176 (Fla. 3d DCA 2017) ("Even when the receiver has been discharged . . . leave from the court that had appointed the receiver must still be obtained to file suit against the receiver. The requesting party must demonstrate a prima facie case of liability before the appointing court may grant leave to file suit.") (citation omitted); One South Ocean Drive 2000, Ltd. v. One Ocean Boca, LLC, 182 So. 3d 872, 874 (Fla. 4th DCA 2016).

An exception to this general rules exists where the receiver has acted outside his or her legal authority. See generally Murtha v. Steijskal, 232 So. 2d 53, 55 (Fla. 4th DCA 1970). However, when it is not clear from the face of the complaint whether the receiver acted outside his authority, it is proper to have that review take place in the context of a request to file suit against the receiver filed and heard in the case establishing the receivership. This process ensures that the issue is

resolved by the trial court presiding over the receivership after notice to the parties to the receivership.

Affirmed.