# Third District Court of Appeal

## State of Florida

Opinion filed February 13, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-2351
Lower Tribunal No. 15-19538
_____

**Asset Recovery Group, LLC, et al.,**
Petitioners,

vs.

**Kyle Wright, et al.,**
Respondents.

A Case of Original Jurisdiction—Prohibition.

Conroy Simberg, and Diane H. Tutt (Hollywood), for petitioners.

James C. Blecke, for respondent Kyle Wright.

Before SALTER, SCALES and LINDSEY, JJ.

SCALES, J.

Petitioners, Asset Recovery Group, LLC and Wayne Ginter (collectively, "the Receiver"), seek to prohibit the trial court from further exercising jurisdiction

to adjudicate Counts III and IV in the underlying premises liability action filed by the plaintiff below, respondent, Kyle Wright. We have jurisdiction. See Asset Recovery Group, LLC v. Cabrera, 233 So. 3d 1173, 1176 (Fla. 3d DCA 2017) (granting a writ of prohibition to prevent the circuit court from exercising jurisdiction over a receiver that was appointed by the court in a separate foreclosure action). Because it is not clear from the face of the operative pleading that the Receiver acted outside the scope of the Receiver's delegated, legal authority, we grant the petition for writ of prohibition and quash the order under review without prejudice to Wright seeking leave to file suit against the Receiver from the foreclosure court that appointed the Receiver. See Desulme v. Rueda, 252 So. 3d 293, 294-95 (Fla. 3d DCA 2018).

## I. RELEVANT FACTS AND PROCEDURAL BACKGROUND

Kyle Wright was a tenant of an apartment complex located in Homestead, Florida. On June 20, 2013, Wright was allegedly stabbed by an assailant at the apartment complex. At the time of the incident, the property was under a court-imposed receivership in a commercial foreclosure action then pending in the Miami-Dade County Circuit Court. See Samjack Homestead LLC v. 1200 Homestead 72 (LLC), Case No. 2011-38747 (Fla. 11th Cir. Nov. 21, 2011).

In the foreclosure action, the trial court appointed petitioner Wayne Ginter of petitioner Asset Recovery Group, LLC to take possession, custody and control

2

of the apartment complex. The alleged stabbing occurred after the subject property was sold at a foreclosure sale and the certificate of title had issued to the purchaser, Samjack Homestead LLC, but before the foreclosure court discharged the Receiver.

As set forth in the foreclosure court's order of appointment, the Receiver's delegated responsibilities included, with limitations, controlling, managing, operating, and insuring the subject property. The Receiver was also given authority to maintain the subject property, "making such repairs and renovations as are necessary and appropriate to ensure the life, health and safety of the occupants." The order of appointment contained a judicial immunity provision providing, among other things, that the Receiver and the Receiver's attorneys and agents: (1) "shall not be held liable to anyone for their own good faith compliance with their duties and responsibilities as a receiver, or as attorney or agent for Receiver"; and (2) "shall not be liable to anyone for their acts or omissions, except upon a finding *by this Court* that such acts or omissions were outside the scope of their duties or were grossly negligent." (Emphasis added).

In August 2015, Wright filed the instant premises liability action (lower court case number 2015-19538) against the apartment complex's owner, Samjack Homestead LLC, for negligent security of the apartment complex. Wright alleged in the complaint that the owner had breached its duty to maintain the apartment

3

complex in a reasonably safe condition by not taking measures to provide security to prevent criminal attacks that the owner allegedly should have known were likely to occur thereon. Wright further alleged that, as a direct and proximate result of the owner's negligence, Wright had suffered great bodily harm from the stabbing that occurred on June 20, 2013.

In May 2017, Wright filed a second amended complaint in the instant action to include identical negligent security claims against the Receiver. In December 2017, the Receiver moved to dismiss the second amended complaint for lack of subject matter jurisdiction, relying upon the judicial immunity provision contained in the order of appointment entered in the foreclosure action. In the motion, the Receiver cited to this Court's then recently issued decision in Cabrera, which, as discussed further herein, granted a prohibition petition in a similar premises liability action against this same Receiver where the complaint failed to contain any allegations that the Receiver had "step[ped] outside the authority granted by the court or [did] things in [a] personal capacity and not as a receiver." Cabrera, 233 So. 3d at 1175, n.3 (quoting Murtha v. Steijskal, 232 So. 2d 53, 55 (Fla. 4th DCA 1970)). The trial court granted the Receiver's motion to dismiss without prejudice, giving Wright leave to amend his complaint.

In January 2018, Wright filed his third amended complaint (the operative complaint) in his premises liability action, alleging the same negligent security

4

claims[1] against the Receiver. Similar to Wright's second amended complaint, this third amended complaint detailed acts and omissions allegedly constituting negligence of the Receiver; but, unlike Wright's second amended complaint, the third amended complaint also alleged – albeit in conclusory fashion – that certain "acts and omissions of [the Receiver] were outside the authority granted to it as Receiver by the Appointing Court . . . ." After the trial court denied the Receiver's motion to dismiss the third amended complaint and directed the Receiver to file an answer and defend the action, on March 30, 2018, the Receiver filed a motion seeking, in part, to require Wright to obtain leave of the foreclosure court that appointed the Receiver before allowing the instant negligent security action to proceed against the Receiver ("March 30, 2018 motion").

Prior to a hearing on the March 30, 2018 motion, this Court issued its opinion in Desulme, which the Receiver filed as a supplemental authority in the lower court. At the hearing conducted on the March 30, 2018 motion, the Receiver argued, in part, that: (1) Wright had failed to adequately plead in his third amended complaint that the Receiver had acted outside the scope of the Receiver's authority granted to the Receiver by the foreclosure court; and (2) therefore, under Desulme and Cabrera, Wright must seek leave from the foreclosure court to file the instant suit against the Receiver. At the conclusion of the hearing, the trial court entered

---

[1] Count III is against Asset Recovery Group, LLC. Count IV is against Wayne Ginter.

5

the challenged order denying the March 30, 2018 motion, with the Receiver's counsel announcing her intention to seek a writ of prohibition in this Court. On agreement of the parties, the trial court stayed the lower court proceedings pending the outcome of this prohibition proceeding.

**II. ANALYSIS**

Under what is known as "the Barton doctrine," a plaintiff generally must seek leave from the court that appointed the receiver before the plaintiff can file suit against a court-appointed receiver. Barton v. Barbour, 104 U.S. 126, 128 (1881). In Cabrera, however, this Court recognized an exception to the Barton doctrine where the receiver "steps outside the authority granted by the court or does things in [a] personal capacity and not as a receiver." Cabrera, 233 So. 3d at 1175 (quoting Murtha, 232 So. 2d at 55).

Cabrera involved the same apartment complex, the same receiver (Asset Recovery Group, LLC and Wayne Ginter), and the same order of appointment from the same foreclosure action as this case. Cabrera, who was also stabbed by an assailant on the subject property, brought a similar premises liability action against the Receiver for allegedly "failing to maintain the premises in a reasonably safe condition by not keeping it free from third party criminal conduct." Id. at 1175. Because Cabrera's complaint did not contain *any* allegations that the Receiver "step[ped] outside the authority granted by the court or [did] things in his

6

personal capacity and not as a receiver," this Court found that the exception to the Barton doctrine was inapplicable in that case. Id. at 1175, n.3 (quoting Murtha, 232 So. 2d at 55).

Concluding that the trial court lacked subject matter jurisdiction over Cabrera's lawsuit as the pleadings were then framed, this Court granted the Receiver's petition for writ of prohibition, directing that the trial court dismiss the claims against the Receiver "without prejudice to allow Cabrera to move to amend his complaint *in an attempt to sufficiently allege* that the acts or the omissions of the Receiver were outside the authority granted to him by the appointing court, or to seek leave to file the negligence action from the court that appointed the Receiver." Id. at 1178 (emphasis added).

In this case, unlike Cabrera, Wright's third amended complaint contains allegations, albeit conclusory ones, that the acts or omissions of the Receiver were outside the authority granted to the Receiver by the court in the foreclosure action. The threshold question we must resolve, therefore, is whether the subject allegations against the Receiver are *sufficient* for the recognized exception to the Barton doctrine to apply in this case such that the instant proceeding may go forward.[2] Id. If the allegations are not sufficient, the instant action must be dismissed without prejudice to Wright seeking leave to file suit against the

---

[2] In denying the Receiver's March 30, 2018 motion, the trial court implicitly found that Wright's allegations were sufficient.

Receiver from the court that established the receivership. See Desulme, 252 So. 3d at 294-95 ("An exception to [the Barton doctrine] exists where the receiver has acted outside his or her legal authority. However, when it is not clear from the face of the complaint whether the receiver acted outside his authority, it is proper to have that review take place in the context of a request to file suit against the receiver filed and heard in the case establishing the receivership.") (citation omitted).

We conclude that the third amended complaint does not sufficiently allege that the Receiver's alleged acts and omissions were outside the authority granted to the Receiver by the appointing court. Indeed, many of the alleged acts or omissions identified therein as falling *outside* the Receiver's authority appear to fall *within* the Receiver's authority to operate, manage, maintain, insure and control the apartment complex. These conclusory allegations include the Receiver's alleged: "fail[ure] to manage, preserve, protect and maintain the Mortgaged Property in a reasonable, prudent, diligent, and efficient manner"; "fail[ure] to reasonably secure the property despite violent crimes occurring during the Receivership period . . . which constituted a failure to reasonably manage, preserve, protect, and maintain the Property in a reasonable, prudent, diligent, and efficient manner, and was not appropriate to ensure the life, health, and safety of the occupants"; "fail[ure] to make repairs or renovations as appropriate to ensure

8

the life, health and safety of the occupants"; and "fail[ure] to maintain insurance coverage in accordance with the Court's Order."

While the operative complaint may adequately allege a premises liability action for negligent security, it fails to allege, with any specificity, *how* the Receiver's alleged negligence constituted conduct that was outside the scope of the Receiver's authority. This Court, in Desulme, required a heightened level of pleading when a plaintiff, without obtaining leave of the appointing court, seeks to hold a receiver liable for tort damages: the face of the complaint must clearly demonstrate that the receiver acted outside of the scope of the authority of the appointment order. See Desulme, 252 So. 3d at 294-95.

Because it is not clear from the face of the third amended complaint whether the Receiver acted outside the authority granted by the appointing court, "it is proper to have that review take place in the context of a request to file suit against the receiver filed and heard in the case establishing the receivership." Desulme, 252 So. 3d at 294-95; Cabrera, 233 So. 3d at 1176 ("[E]ven when the receiver has been discharged, as in the instant case, leave from the court that had appointed the receiver must still be obtained to file suit against the receiver.").

## III. CONCLUSION

Despite Wright's best efforts, the third amended complaint suffers the same shortcoming as his second amended complaint. The pleading does not sufficiently

allege that the Receiver's alleged acts and omissions were outside the authority granted to the Receiver by the appointing court. Accordingly, we grant the petition for writ of prohibition, quash the order under review, and remand with directions to enter an order dismissing counts III and IV of the third amended complaint without prejudice to Wright seeking leave from the foreclosure court to assert his claims against the Receiver.[3]

Petition granted; subject order quashed; remanded with instructions.

---

[3] We express no opinion as to whether Wright has demonstrated the "prima facie case of liability" required for the appointing court to grant leave to file suit. Cabrera, 233 So. 3d at 1176. Given our resolution of this petition, we need not, and therefore do not, reach the question of when, and in what manner, the trial court should consider a receiver's entitlement to judicial immunity where the plaintiff sufficiently alleges that the Receiver acted outside the authority of the appointing court.